UNITED STATES v. MARTELL (two cases.

Nos. 10739 and 10740.

United States Court of Appeals
Third Circuit.

Argued Nov. 6, 1952.

Decided Nov. 18, 1952.

we do not agree. There was evidence upon which the prosecution was entitled to go to the jury upon both indictments. There was no error in refusing to direct a verdict for the defendant nor in refusing to compel the prosecution to choose between the two indictments as a ground for its case.

■ Another argument for reversal is that the judge erred in his presentation to the jury of the question of willfulness. Defendant's counsel had asked a charge concerning the necessity of establishing that the defendant's offense was willful. The jury was recalled and the court told them:

"I have been asked to charge you with respect to wilfulness. Strangely enough, members of the jury, there is no wilfulness needed in an income tax case. The burden of proof is for the Government to show that the defendant filed it with a bad purpose. That is what our Supreme Court says about it, a bad purpose, that makes the wilfulness. Did the defendant file that income tax return for gain to himself? If he did, that is a bad purpose. That is the degree of wilfulness required."

The defendant's counsel thereupon excepted to that part of the charge which stated that there was no need for proof of willfulness. The court then said:

"In other words, members of the jury, I will read the precise language that the Supreme Court uses. The Supreme Court says: 'The Government must prove beyond a reasonable doubt the defendant with a bad purpose attempted to evade his tax. The jury can take all of the evidence into account to de-

Cornelius C. O'Brien and Joseph F. McVeigh, Philadelphia, Pa. (Francis J. Myers, Philadelphia, Pa., on the brief), for appellant.

James C. Bowen, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a conviction for income tax evasion under Sections 145(b) and 3793(b) (1) of the Internal Revenue Code.[1]

■ The defendant makes several points as a ground for reversal. The first is that the evidence was insufficient to sustain a conviction and that, therefore, a judgment of acquittal should be ordered. With this

1. 26 U.S.C. § 145(b) provides: "Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony, and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

Section 3793(b) (1): "Any person who willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, * * * the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document, shall (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document) be guilty of a felony, and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

termine the defendant's intent or purpose.' * * *"

Previously the court had said:

"We have another section which is 3793(b). The Congress says there that anyone who procures the same to be falsely or fraudulently executed is guilty of violating that law. That is how clear, that is how simple, that is how direct the law is in this particular case which you will apply to the facts of the case."

We think the sum total of these instructions was to confuse the jury about what was required. When that body was told that willfulness was not an element in the offense it was left with the impression that one could be convicted for income tax evasion through inadvertent error. We do not think the addition of the requirement of "bad purpose" helped to clear the confusion. Would it be a good purpose to fail to pay income tax in order to pay medical expenses for a sick wife or child? Would it be a bad purpose to fail to pay taxes to use the money to bet on horse races?

No one can know for certain what a given portion of a charge does to the collective minds of the jury but this particular point complained of was in a charge made after the jury had been recalled and constituted the last thing they were told when they retired to consider their verdict. We think the probability of confusion was such as to create reversible error.

■ The rule concerning the state of mind required for conviction for this offense is discussed in United States v. Murdock, 1933, 290 U.S. 389, 394–396, 54 S.Ct. 223, 78 L.Ed. 381, and Hargrove v. United States, 5 Cir., 1933, 67 F.2d 820, 823, 90 A.L.R. 1276. Willfulness is an essential element of the crime proscribed by § 145(b). It is best defined as a state of mind of the taxpayer wherein he is fully aware of the existence of a tax obligation to the government which he seeks to conceal. A willful evasion of the tax requires an intentional act or omission as compared to an accidental or inadvertent one. It also requires a specific wrongful intent to conceal an obligation known to exist, as compared to a genuine misunderstanding of what the law requires or a bona fide belief that certain receipts are not taxable. A conviction cannot be sustained unless this state of mind is supported by the evidence and explained to the jury.

Other errors in the conduct of the trial are complained of. We think they do not require discussion because it is unlikely that on a subsequent trial the points will arise. What we have said is sufficient to indicate that reversible error was committed and there must be a new trial.

The judgment of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.