UNITED STATES of America,
Appellee,

v.

Joseph A. CIRILLO, Appellant.

No. 12302.

United States Court of Appeals
Third Circuit.

Argued Nov. 22, 1957.

Decided Dec. 30, 1957.

Rehearing Denied Feb. 18, 1958.

Robert S. Grigsby, Pittsburgh, Pa.
(James C. Larrimer, Pittsburgh, Pa., on
the brief), for appellant.

Donald C. Bush, Pittsburgh, Pa. (D.
Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN
and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The appellant has been convicted of the misdemeanors of willfully failing to file income tax returns for the years 1953 and 1954; in violation of § 145(a) of the Internal Revenue Code of 1939, 53 Stat. 62, 26 U.S.C. § 145(a) for the year 1953, and in violation of § 7203 of the Internal Revenue Code of 1954, 68A Stat. 851, 26 U.S.C. § 7203, for the year 1954. For these offenses jail sentences of ninety days, to run concurrently, and fines of $500 have been imposed.

The only points which require discussion are those which appellant raises with reference to criminal intent. The statute provides that "any person * * * required by law * * * to make a return * * * who willfully fails to * * * make such return * * * shall * * * be guilty of a misdemeanor * * *." Was there a proper charge and was there adequate proof of the "willfulness" which is an essential element of criminal failure to file income tax returns?

In explaining to the jury the state of mind which had to be shown to justify a guilty verdict in this case, the court below defined "willful" as "voluntary, purposeful, deliberate, intentional as distinguished from accidental, inadvertent or negligent." The court added that "willful" had the connotation of "done with a bad purpose or done without justifiable excuse, or done stubbornly or obstinately or perversely, or with bad motives." To this

the court added, "that the only bad purpose or motive which it is necessary for the government to prove in this case is the deliberate intention not to file a return which the defendant knew ought to be filed so that the government would not know the extent of his liability." Counsel for the defendant objected that the court had not made clear the necessity of showing "evil intent and bad purpose". The court then added this admonition: "don't take just one phrase of what I said about willfulness; take it all, everything together, and if you find that he knowingly, willfully, failed to make a return with criminal intent to avoid the law, if you find that beyond a reasonable doubt, you may find him guilty, otherwise you will acquit him."

We find nothing erroneous or confusing in this instruction. Cf. United States v. Litman, 3 Cir., 1957, 246 F.2d 206; Haskell v. United States, 10 Cir., 1957, 241 F.2d 790; Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56; and see the explanation of the meaning of willfulness in relation to the felony of tax evasion under § 145(b) by Judge Goodrich for this court in United States v. Martell, 3 Cir., 1952, 199 F.2d 670, 672. Where the offense charged is the misdemeanor of willfully failing to file a tax return, the phrase "bad purpose" used as a characterization of "willfulness" serves merely to distinguish situations involving bona fide misconceptions of what is required from those where the failure to file has been attended by knowledge of the legal obligation and purpose to prevent the government from getting that which it lawfully requires.

We next consider the sufficiency of the proof. The evidence showed that the defendant, who was a lawyer, received taxable income of more than $10,000 in each of the years in question. He was engaged in the general practice of law and also received compensation as Assistant Solicitor of Allegheny County. In each year the county withheld an amount representing estimated tax from defendant's salary and thereafter sent him a standard W–2 Form. On its face this form showed the amount withheld and instructed the taxpayer to file a return, attaching the W–2 Form to it. The defense offered no evidence, standing on its claim that the government's case was insufficient to justify a conviction.

The government's evidence, submitted to the jury without refutation or rebuttal, was sufficient to sustain a guilty verdict. The defendant was revealed as a man who in two successive years received a substantial amount of taxable income from which no tax had been withheld and of which the government was likely to be uninformed unless he filed a tax return. The jury was entitled to reason that a member of the bar, in the nature of his profession, has some general understanding that the United States requires persons who earn substantial income to file periodic income tax returns. And quite apart from that inference, the jury was entitled to view the W–2 Forms as reminders of the duty to file received shortly before or during the period within which filing was required. That is enough to justify a finding that the unexplained failure to file returns for 1953 and 1954 was "willful" within the meaning of the statute.

The judgment will be affirmed.