**UNITED STATES of America**

v.

**Merle D. LONG, Appellant.**

**No. 12492.**

United States Court of Appeals
Third Circuit.

Argued May 6, 1958.

Decided June 20, 1958.

Rehearing Denied Aug. 7, 1958.

Joseph I. Lewis, Pittsburgh, Pa., for appellant.

Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa. (Samuel S. Blaufeld, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Under Section 145(b) of the Internal Revenue Code, 26 U.S.C. § 145(b), appellant has been convicted and sentenced to imprisonment for willfully evading income taxes owed for 1949, 1950, 1951 and 1953, by greatly understating his income for those years in fraudulent income tax returns. A principal matter urged as error on this appeal is the action of the court below in allowing the prosecutor, over appellant's objection, to place before the jury evidence that for 1948, the taxable year preceding the first year covered by the indictment, the appellant received over $7000. in gain from commissions and did not file an income tax return.[1] In offering this evidence the prosecutor argued that "since the defendant failed to file a return [in 1948] that is relevant as to the willfulness [of his understatement of income in the years immediately thereafter] under the key case of Emmich v. United States."

It is true that Emmich v. United States, 6 Cir., 1924, 298 F. 5, certiorari denied, 266 U.S. 608, 45 S.Ct. 93, 69 L. Ed. 465, does sanction just what has been done in this case and the Emmich case has occasionally been cited with general approval, but without analytical comment on this point, by other courts. E.g. Malone v. United States, 7 Cir., 1938, 94 F.2d 281, 287, certiorari denied, 304 U.S. 562, 58 S.Ct. 944, 82 L.Ed. 1529, United States v. Sullivan, 2 Cir., 1938, 98 F.2d 79. But it seems to us that the 1943 decision of the Supreme Court in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 has rendered the Emmich doctrine untenable.

The Spies case compares and differentiates willful failure to file a tax return, a misdemeanor, and willful attempt to evade taxes, a felony. As to willfulness in the latter context the Court said: " * * * Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." Spies v. United States, 317 U.S. at page 499, 63 S.Ct. at page 368. In the light of this distinction it is difficult to see how evidence concerning passive failure to perform a required act in 1948 can indicate willfulness in affirmative misdoing during the following year. That the accused was willing to ignore his filing obligation in 1948 has no significant tendency to show intentional misrepresentation in a return actually filed for 1949. Yet, the very use of evidence about failure to file a 1948 return as some indication of guilt in affirmative evasion a year later tends to make the jury think, incorrectly under the Spies doctrine, that the basis of criminality is essentially the same in both situations.[2]

So far we have considered the propriety of a 1949 inference from the

---

1. The critical parts of the interrogation of the investigator who testified as to this matter proceeded as follows:

"Q. Did you check to determine whether or not Mr. Long had filed income tax return for 1948? A. Yes, sir.

"Q. Did you find whether or not he filed a return? A. We have no record of return filed under the name and address given, for the year of 1948.
* * * * * *

"Q. Would you answer my question now, please. The question was, how much did Mr. Long earn in 1948? A. On the basis of our audit from the School District of Bethel, his commissions amounted to $4983, and the commissions from the Borough of Bethel amounted to $2044.63, making a total of $7027.63."

2. In the Spies case the very point which the Court rejected was " * * * the Government's contention that a willful failure to file a return, together with a willful failure to pay the tax may, without more, constitute an attempt to defeat or evade a tax within § 145 (b)." 317 U.S. at pages 494-495, 63 S.Ct. at page 366, 87 L.Ed. 418.

appellant's 1948 behavior on the assumption that there was some proper basis for viewing the 1948 omission itself as willful. But there was none. There was no evidence whatever of circumstances or statements or conduct connected with appellant's failure to file a 1948 return which indicated in any way the reason for this omission or the state of mind which attended it. A mere showing that an accused earned $7000. in 1948 yet failed to file a return would not in itself be sufficient evidence to go to a jury in support of a claim that this omission was "willful", and therefore a misdemeanor under Section 145 (a). We think this court has made it clear that, just as something other than the fact of understating income is necessary to make a prima facie case of willfulness in the felony of tax evasion, United States v. Lindstrom, 3 Cir., 1955, 222 F.2d 761, certiorari denied, 350 U. S. 841, 76 S.Ct. 81, 100 L.Ed. 750, so something other than the omission of a required return must be shown to prove "willful" failure to file a return. United States v. Litman, 3 Cir., 1957, 246 F.2d 206, certiorari denied, 355 U. S. 869, 78 S.Ct. 118, 2 L.Ed.2d 75; United States v. Cirillo, 3 Cir., 1957, 251 F.2d 638, certiorari denied, 336 U.S. 949, 78 S.Ct. 914, 2 L.Ed.2d 843. Thus, for this appellant to have been convicted even of a 1948 misdemeanor, additional evidence, beyond proof of his failure to file a return on substantial 1948 earnings, would have been required indicating in some way "that the omission was advertent and motivated by the bad purpose of preventing the government from receiving returns at the time required by law." United States v. Litman, 3 Cir., 1957, 246 F.2d at page 208. Evidence of 1948 conduct which could not even have created a jury issue on willfulness in a 1948 misdemeanor case will not provide inferential support for a charge of willfulness in different conduct on a subsequent occasion.

In this ruling we are neither unmindful nor critical of those cases which hold that repetition of the same course, whether failure to file or substantial understatement, over several years may justify an inference that this was intentional rather than inadvertent. E.g. United States v. Frank, 3 Cir., 1957, 245 F.2d 284, certiorari denied, 355 U. S. 819, 78 S.Ct. 25, 2 L.Ed. 35; United States v. Litman, supra. But this is quite different from using failure to file in one year to create an inference concerning the motivation of an incorrect filing the next year.

We are satisfied that the questioned evidence was not significantly probative of any matter in issue. Yet it was bound to be prejudicial in introducing the suggestion of some additional misconduct into the case and into the minds of the jury. This conclusion of minimal probative value combined with a potential of substantial prejudice leads us to rule that it was reversible error to permit the jury to consider the questioned testimony.

The judgment will be reversed and the cause remanded for a new trial or such other proceedings as may be consistent with this opinion.