**UNITED STATES of America**

**v.**

**Dr. Frank L. BENUS.**

**Crim. No. 20639.**

United States District Court
E. D. Pennsylvania.

Aug. 31, 1961.

Walter E. Alessandroni, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Isadore A. Shrager, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant, Dr. Frank L. Benus, a practicing dentist, was indicted for willful failure to file income tax returns[1] for five successive years, 1954 to 1958. He waived trial by jury and elected trial to the District Court. By written stipulation all of the material averments of each count of the indictment, except willfulness, were admitted inter alia. It was further stipulated that the issue of defendant's willfulness was the sole issue remaining for determination by the trial judge. After careful review of the stipulation and the evidence, the trial judge, convinced beyond a reasonable doubt of the willfulness, in each instance, of defendant's failure to file his income tax returns, adjudged the defendant guilty on each count.

The defendant's post-trial motion challenges (1) the correctness of the stand-

1. 26 U.S.C. § 7203.

ard applied by the trial judge in determining "willfulness" of defendant's failure to file the tax returns, and (2) the sufficiency of the evidence to establish willfulness.

The scattergun argument of defendant's counsel and his indiscriminate citation of cases involving willfulness, is somewhat misleading and indicates a failure to recognize that the meaning of "willfully" in various federal criminal statutes is not constant, but varies with the context in which it is employed. In Spies v. United States, 317 U.S. 492, 497, 63 S.Ct. 364, 87 L.Ed. 418, it was said in discussion of the forerunner of Section 7203, supra: "* * * (w)illful, as we have said, is a word of many meanings, its construction often being influenced by its context. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. It may well mean something more as applied to nonpayment of a tax than when applied to a failure to make a return."

The standard which was applied in the determination of willfulness in the instant case was that approved in United States v. Cirillo, 3 Cir., 251 F.2d 638, which, as here, involved a willful failure to file income tax returns.

We turn now to the sufficiency of the evidence to establish defendant's willfulness at the time of each failure to file. The defendant, now aged 52, was graduated from Temple University School of Dentistry in Philadelphia in 1932, was thereafter licensed and has engaged continuously in the practice of his profession since early 1933. In the intervening years he purchased his office premises, which he later refinanced, and a new residence for himself and his family. During 1954 to 1958, inclusive, he worked for other dentists on a salary basis and conducted his own practice as well. In his practice he maintained his own records, including recording fees received, preparation of patients' dental charts, maintenance of diaries and summaries of expenses for submission to his accountant for use in preparation of his income tax returns for the years prior to 1950.

He filed his 1949 income tax return on March 15, 1950 without payment of the tax due thereon, which was ultimately paid on July 2, 1952. He directed his accountant to prepare the 1950 income tax return, which the accountant prepared, executed and delivered to the defendant for timely execution and filing. The defendant failed to file this return or any returns for later years until November 17, 1959 when, after an investigation had been initiated, he appeared at a branch office of Internal Revenue Service and presented, without payment of the taxes shown thereon to be due, completed income tax returns for nine years, 1950 to 1958, inclusive. His gross income for each of the years stated in the indictment was more than sufficient to require the filing of an income tax return.

The defendant did not testify and so vouchsafed no explanation of his own of his failure to file. No inference, of course, was drawn from this failure to testify. The defense called as a witness Dr. Mitchell David, a psychiatrist, and offered in evidence, without objection, the report of Dr. O. Spurgeon English, another qualified psychiatrist. The latter had been appointed by the Court to examine the defendant on the government's motion, when defendant's counsel sought postponement of the trial on the ground that defendant's mental condition made it impossible for him then to understand the nature of the proceeding against him or to confer with his counsel. Dr. English examined the defendant and reported that the defendant was able to confer with his counsel and to understand the nature of the proceeding.

The essence of the contentions of defendant's counsel appears to be that the testimony of Dr. David, and that part of the report of Dr. English on which defendant relies, compel the trial judge to find that the defendant's mental condition was so impaired at the times the 1954, 1955, 1956, 1957 and 1958 tax returns were required to be filed that he was incapable of willful conduct—in short, though not pleaded as a defense, that

the defendant was insane within the definition of United States v. Currens, 290 F.2d 751.[2]

■ We reject the contention that we are compelled so to find. The questions whether the defendant was suffering from a disease of the mind at the times he committed the acts charged, and whether he possessed substantial capacity to conform his conduct to the requirements of the law alleged to have been violated, are for the fact-finder's determination. Our non-acceptance of the psychiatric evidence in this case as sufficient to absolve this defendant or as sufficient to create a reasonable doubt, stems neither from want of respect for the abilities of these psychiatrists, nor from want of understanding of United States v. Currens, supra. While the fact-finder may not arbitrarily or capriciously disregard relevant evidence in the performance of his function, it is his duty to reject opinion when, after careful consideration of all the evidence, he is convinced beyond a reasonable doubt that the fact is contrary to the opinion.

The defendant successfully completed his education to the extent necessary to enable him to be graduated from dental school and to be licensed to practice dentistry in Pennsylvania. He neither consulted nor was treated by any physician for mental illness until May 25, 1961, four months after his indictment, ten weeks after his arraignment, and shortly before the date fixed for his trial. No evidence of mental illness, or even of abnormality, was given by any member of his family. The only evidence of abnormality, if it might be so deemed, was that he was quiet, introspective, unaggressive and worked for a time for another dentist to supplement the income from his own practice. His ability competently to undertake and perform his professional and family duties and responsibilities have never been questioned. Prior to March 15, 1950, he filed his income tax returns in timely fashion and paid the taxes due. On March 15, 1950

he filed his 1949 return without payment. He directed his accountant to prepare his 1950 return which, though prepared, he refrained from filing, possibly because of the question thereon pertaining to prior unpaid taxes.

Both psychiatrists opined that his failures to file were not willful. Dr. David was first consulted about May 25, 1961. Dr. English saw him but once, after June 7, 1961. Each necessarily had to form his opinion primarily on the basis of what the defendant told him and what he observed of defendant's manner. The defendant's trial was then imminent. Anxious to postpone his trial, understandably desirous of deferring or avoiding a determination of the issue, the defendant, to say the least, was an interested and educated narrator of his case history. What meaning Dr. English attributed to the word "willful" in his report—that in United States v. Cirillo, supra, or one quite different—was left unexplained. On what basis the doctors were able to form opinions upon the defendant's capacity to conform his conduct to the requirements of the law he was alleged to have violated on April 15, of 1955, 1956, 1957, 1958 and 1959, was not satisfactorily explained.

■ We were, and still are, convinced by the evidence beyond a reasonable doubt that on those dates this defendant was not suffering from any disease of the mind; that he then possessed capacity of choice and control—an unimpaired and substantial capacity to conform his conduct to the requirements of the law which obliged him to file income tax returns; that he was fully aware of the law's requirements; that the failures to file were willful in that the omissions were advertent and motivated by the bad purpose of preventing the government from receiving the returns at the required time. The delay was extensive and persistent over at least five consecutive taxable years. "Such a pattern of behavior, as distinguished from a single occurrence, itself suggests willfulness." United

2. 3rd Cir., decided May 1, 1961.

States v. Litman, 4 Cir., 246 F.2d 206, 208. We add nothing further in view of our findings made June 16, 1961.

### Order

Now, August 31, 1961, it is ordered that defendant's motion for judgment of acquittal or, in the alternative, for a new trial be and it is denied.

It is further ordered that defendant appear for sentence at 2 P. M. o'clock, September 13, 1961.