Charles Samuel MARTIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18434.

United States Court of Appeals
Ninth Circuit.

May 24, 1963.

Charles Samuel Martin, Honolulu, Hawaii, for appellant.

Herman T. F. Lum, U. S. Atty., and T. S. Goo, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

An information in four counts was filed in the United States District Court for the District of Hawaii charging appellant, Charles Samuel Martin, with violating section 7203 of the Internal Revenue Code of 1954 (26 U.S.C. § 7203) by willfully and knowingly failing to file income tax returns for the years 1955 through 1958.[1] Appellant waived his right to a jury and tried the case *in propria persona* before the court. The court found appellant guilty on all four counts, fined him $1000 and sentenced him to one week in jail on each count, the jail sentences to run consecutively. Appellant filed a timely notice of appeal and we have jurisdiction under the provisions of 28 U.S.C. § 1291.

■■ Appellant raises several points for the first time on appeal concerning, *inter alia,* the conduct of the trial, which we do not feel merit discussion.[2] Suffice it to say that a careful review of the record reveals that appellant did an excellent job of representing himself and that the court was solicitous throughout the course of the trial to protect his rights. The issues that we shall consider are (1) whether the evidence supports the verdict, and (2) whether the sentence was cruel and unusual.

■■ It is clear that appellant had reportable income in the years in question and failed to file returns in those years. Appellant contends, however, that there was insufficient evidence to show that his failure to file was "willful." In this regard, "willful" for the purpose of section 7203[3] means "with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause or capriciously or with a careless disregard whether one has the right so to act."[4] We feel that there was ample evidence to support the district court's finding that appellant's failure to file was "willful," within the meaning of that term as so defined.

Appellant was born on December 10, 1911. He graduated from Wichita University in 1940, majoring in psychology, and has done substantial post-graduate work at the University of Hawaii since that time. Prior to 1960 he had never filed a federal income tax return. There can be no doubt that he was aware of

---

1. His gross income for those years was as follows:

| | |
|---|---|
| 1955 | $2,330.91 |
| 1956 | 1,989.21 |
| 1957 | 1,900.42 |
| 1958 | 1,525.05 |

2. Typical of the lack of merit in these points is the contention that appellant should have been allowed to read to the court Exhibits A1 through A35, which were letters and files offered in evidence by appellant. The district court admitted these exhibits in evidence, but stated to appellant that it was not necessary for appellant to read them to the court. The court said, "I will read them." We see no error in this procedure.

3. Section 7203 of the Internal Revenue Code of 1954 provides:

"Any person required * * * to make a return (other than a return required under authority of section 6015 or section 6016) * * * who willfully fails to * * * make such return * * * shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

4. See Abdul v. United States, 254 F.2d 292 (9th Cir., 1958), in which this court approved instructions that had so defined "willful" for the purpose of section 7203. See also United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933).

the existence of such a tax, but he claims that it was his belief that a person with such a low income was not required to file income tax returns. In each of the years here in question, however, he received Internal Revenue Service W–2 forms from the Army showing how much he had been paid by the Army as a result of his service as a reserve officer and how much had been withheld for federal income tax purposes.[5] It was stated on each form (with the exception of the 1955 form) that the form was not an income tax return, but was to be filed with a form 1040 or 1040A. Each W–2 form received from the Army reported less than $1000 in income. Appellant also received a monthly statement from a brokerage firm which contained an instruction to retain the statement for income tax reporting purposes. Assuming for the moment that appellant was in fact unaware of the exact amount of income one must have before reporting is required, we can only wonder why in the light of these warning signs he made no effort to find out. We conclude that the evidence was sufficient to establish that he did not have reasonable cause for believing he was not subject to the reporting requirements and acted with a careless disregard of whether he was subject to those requirements.

Appellant contends that his sentence of four weeks confinement is cruel and unusual punishment, because it will result in possible loss of his Army reserve status. The sentence, however, was within the terms of the statute. That as an incident of his sentence the Army may take administrative action to divest him of his commission has no effect on the validity of the statute or the sentence rendered thereunder. Since it is well settled that a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment,[6] appellant's contention is without merit. Further, it is clear that this court has no control over a sentence which is within the limits allowed by statute.[7] While we are not unsympathetic with appellant's plea that he faces possible loss of Army reserve retirement pay benefits built up over many years, this is not a matter within our province. Appellant still may bring this to the attention of the district court by filing a motion therein for reduction of sentence within the time prescribed by Rule 35, Federal Rules of Criminal Procedure.[8]

An examination of the entire record discloses that appellant was fairly tried and that he was accorded all rights to which he was entitled.

Judgment affirmed.

5. See United States v. Cirillo, 251 F.2d 638, 639 (3rd Cir., 1958), in which the Court of Appeals for the Third Circuit stated that "the jury was entitled to view the W-2 forms as reminders of the duty to file received shortly before or during the period within which filing was required." See also United States v. Litman, 246 F.2d 206, 208 (3rd Cir., 1957), in which the same court stated that persistent failure to file "itself suggests willfulness."

6. See Pependrea v. United States, 275 F. 2d 325 (9th Cir., 1960).

7. Ibid.

8. Appellant filed the following three motions with this court: (1) a motion to dismiss the charges against him on the basis that they are unsupported and unsubstantiated; (2) a motion to modify the sentence on the basis that it was cruel and unusual; and (3) a motion to dismiss on grounds of unconstitutionality. While it was inappropriate to file these motions with this court, we nevertheless have examined the contentions contained therein. We have concluded in this opinion that there was sufficient evidence to support his conviction of the crime charged and that the sentence he received was not cruel and unusual. His further contentions in the third motion that he was deprived of due process of law by virtue of the requirement of excessive bail and that he was deprived of a speedy and public trial are without merit.