THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

LAGUNA BAY CORPORATION and
ROGER MORAN, Defendants

Criminal No. 1320-1965

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 9, 1966

BRUCE MACGIBBON, ESQ., *for government*

MCGOWAN and LOUD (MCGOWAN, of counsel), St. Thomas, Virgin Islands, *for defendant*

MICHAEL, *Municipal Judge*

## OPINION

This is a criminal action brought under 33 V.I.C. §§ 43 (a) and (b), 44 and 53 against the defendant, The Laguna Bay Corporation, and Roger Moran, for having wilfully and unlawfully failed to file reports and pay Gross Receipts taxes for the period December 1963 to August 1965.

On February 2, 1966, the defendant, appearing by Roger Moran, its resident agent, represented by McGowan & Loud (McGowan of counsel), entered a plea of not guilty.

Subsequently, the defendant filed a memorandum of law in which it is contended that the activities of the Laguna Bay Corporation do not come within the definitions of 33 V.I.C. § 43(a) and (b), to which a reply memorandum was filed by plaintiff.

These sections read as follows:

"(a) All persons engaged in business including those trading in articles, goods, merchandise or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; Provided, however, that the rate of tax on foodstuffs and on building contractors shall be one percent. The proceeds of gross receipts tax shall be covered into the General Fund of the Treasury of the Virgin Islands. This section shall not apply to artisans, fishermen, tradesmen, or professionals, such as are commonly understood to include doctors, lawyers, engineers, plumbers, electricians, barbers, etc., selling their skills or services on an individual and personal basis and producers within the Virgin Islands of livestock and agricultural products; Provided, that all persons engaged in business whose gross receipts are less than $300 in any one month shall be exempt from the payment of the gross receipts tax for that month; provided further, however, that if the gross receipts for any other month are $300 or more, the tax levied by this section shall be paid on the total gross receipts for such month.

"(b) The term 'gross receipts' as used in this title shall mean all receipts, cash or accrued, of the taxpayer for services or derived from trade, business, commerce or sales, and the value accruing from the sale of tangible personal property or services, or both, including rentals, fees and other involvements, however designated, without any deduction on account of the cost of the property sold, the cost of materials used, labor cost, royalties, taxes, interest or discount paid, or any other expense whatsoever."

■ Defendant relies on certain sections on the subject of interpretation of statutes found in 50 Am. Jur. 225, 229 and 249. After citing these sections, the defendant contends "that the wording of the statute does not include sales of

real property by an owner; in fact, the statute would by its very terms appear to exclude real property by the designation of 'sale of tangible personal property or services.'"

A reading of the sections relied upon by the defendant clearly indicates that they are not applicable to the provisions of the sections of the Virgin Islands Code under which this action is brought, as these sections are clear and need no interpretation with respect to the Laguna Bay Corporation.

The Articles of Incorporation of the Laguna Bay Corporation, which was filed in the District Court of the Virgin Islands pursuant to 13 V.I.C. § 3, provide among the purposes for which it was formed, as follows:

Article II

"(a) To acquire (by purchase, exchange, lease, hire or otherwise), hold, own, improve, manage, operate, let as lessor, sell, convey or mortgage, either alone or in conjunction with others, real estate of every kind, character and description, whatsoever and wheresoever situated, and any interest therein;"

"(g) To manage estates and properties and to conduct a general real estate and rental business, including buying, selling, leasing, improving and dealing in lands and tenements;"

Article IX

"In furtherance and not in limitation of the powers conferred by the laws of the Virgin Islands upon corporations organized for the foregoing purposes, the corporation shall have power to borrow money, to purchase, construct, lease or otherwise acquire, own, hold, use, maintain, operate or otherwise dispose of, property of any kind or character, real, personal or mixed, tangible or intangible, necessary, useful or convenient therefor, and to acquire, hold, mortgage, pledge or dispose of shares, bonds, and other evidences of indebtedness and securities of the United States of America or any state or municipality therein or of any domestic or foreign corporation."

The above Articles show that the purchase and sale of real property is one of the business purposes for which the corporation was formed.

303

The very opening sentence of 33 V.I.C. § 43(a) provides that "All persons engaged in *business* . . . shall report their gross receipts and pay a tax . . . on the gross receipts of such business . . . ." (Emphasis supplied.)

"Gross Receipts" is defined in § 43(b) as "all receipts, cash or accrued, of the taxpayer for services or derived from trade, *business*, commerce or sales and the value accruing from the sale of tangible personal property or services or both."

These sections clearly state *who* are to pay gross receipts and *what* are gross receipts, under which provisions the Laguna Bay Corporation by its very Articles of Incorporation falls. The word business embraces everything about which a person can be employed. Flint v. Stone Trace Co. 220 U.S. 107, 55 L.Ed. 389.

It would have been a herculean and unnecessary task for the Legislature to have enumerated in § 43(a) the activities embraced in the word "business", which would have had to be done to overcome the interpretation given the phrase "ejusdem generis" by the defendant in this case. In view of the clear intention of the Legislature to subject to the payment of gross receipts taxes "all persons engaged in business", except those specifically excluded, could it be said that those engaged in the business of purchase and sale of real estate do not come within the purview of the law?

It would also be unnecessary for this court to discuss further the applicability of the Gross Receipts tax to all of the business purposes in which the Laguna Bay Corporation is engaged, the sale of real estate being one of those purposes.

The court rules, therefore, as a matter of law, that the Laguna Bay Corporation is subject to the provisions of 33 V.I.C. § 43(a) and (b), which include the proceeds of sale of real property sold by it.

■■ However, the defendant is charged under § 53(a) with having wilfully and unlawfully failed to file reports and pay gross receipts.

The provisions of the statute under which he is charged are as follows:

"Any person, partnership, firm, corporation or other business association who shall wilfully fail or refuse to comply with any requirement of this law, who submits a fraudulent report to the Tax Division shall pay a fine not to exceed $100 or shall be imprisoned for a period not to exceed 30 days, or both."

The evidence shows that defendant was of the opinion that the sale of real property by the corporation or any other person was not taxable; also, that application had been made for tax exemption before the property was sold, and having received a certificate granting temporary exemption, although to begin at a time subsequent to the sale of the property in question, he still believed that the gross receipts tax was not applicable.

Both parties submitted briefs on the question of wilfulness, which the court has considered.

It is the opinion of the court, however, that the wilfulness required under the statute is not apparent by the evidence.

One of the cases relied upon by both parties is that of the United States v. Murdock, 290 U.S. 389, 78 L.Ed. 381, 54 S.Ct. 223. This case was extensively analyzed by Judge Kalodner in the case of the United States v. Palermo, C.A.3d 1958, 259 F.2d 872.

In the Murdock case the Supreme Court said (290 U.S. at pages 395, 396, 54 S.Ct. 223, at page 226):

"The revenue acts command the citizen, where required by law or regulations, to pay the tax, to make a return, to keep records, and to supply information for computation, assessment, or collection of the tax. He whose conduct is defined as criminal is one who 'wilfully' fails to pay the tax, to make a return, to keep the required records, or to supply the needed information. Congress did not in-

305

tend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, *should become a criminal by his mere failure to measure up to the prescribed standard of conduct."*

In the case of United States v. Martell, C.A.3d 1952, 199 F.2d 670, at page 672, cert. denied 345 U.S. 917, 73 S.Ct. 728, 97 L.Ed. 1350, the court said:

"Willfulness is an essential element of the crime proscribed by § 145(b). . . . It also requires a specific wrongful intent to conceal an obligation known to exist, as compared to a genuine misunderstanding of what the law requires. . . . A conviction cannot be sustained unless this state of mind is supported by the evidence. . . ."

This court believes and is of the opinion that there was a bona fide misunderstanding by defendant as to his liability for the tax in the case at bar.

Believing thus, the Court finds the defendant Not Guilty of the criminal charge under 33 V.I.C. § 53, but as indicated above the defendant is subject to the provisions of 33 V.I.C. §§ 43(a) and (b) and 44, insofar as the defendant has not complied.