**UNITED STATES of America**

**v.**

**Salvatore VITIELLO, Appellant.**

**No. 15260.**

United States Court of Appeals Third Circuit.

Argued Nov. 30, 1965.

Decided June 15, 1966.

Ganey, Circuit Judge, dissented in part.

Seymour Gelzer, Paramus, N. J., for appellant.

Jerome D. Schwitzer, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, GANEY and FREEDMAN, Circuit Judges.

HASTIE, Circuit Judge.

The appellant has been convicted of "willfully" failing to file federal income tax returns for the years 1958 and 1959 in violation of the provision of section 7203 of title 26, United States Code that anyone "who willfully fails to * * * make * * * [a required income tax] return * * * shall * * * be guilty of a misdemeanor * * *." The evidence amply supported the jury's verdict. However, a question remains on this appeal whether the trial judge in his charge to the jury gave "willful" an erroneously broad and comprehensive definition, thus permitting conviction without a finding of essential scienter.

At three different points in the charge the court defined willfully as follows:

"* * * And the word is employed to characterize such conduct as marked by a *careless disregard whether or not one has a right to so do.*"

\* \* \* \* \* \*

"* * * And by the term wilfully, as used in the statute, means with a bad purpose or *without grounds for believing that one's act is lawful or with such a careless disregard whether one has a right so to act.*"

\* \* \* \* \* \*

"The word wilful * * * means with a bad purpose or *without grounds*

*for believing that one's act is lawful or without reasonable cause or capriciously or with a careless disregard whether one has a right so to act."* [Italics added.]

Our examination of the issue thus raised begins with the much cited opinion in United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, relied on by the dissent in the instant case and presumably the basis of the lower court's instruction. In *Murdock*, the defendant was convicted for failing to give required tax information in violation of an earlier statute from which section 7203 was derived. The lower court had instructed the jury to the effect that one who voluntarily refused to give the required information would be guilty of "willfully" failing to give the information. Thus, the issue before the Supreme Court was the proper definition of "willfully" as the *mens rea* requirement of this misdemeanor. In framing the issue, the court noted that willful is a word of many meanings, for example, merely voluntary as contrasted with accidental, but that in a criminal statute it generally means "an act done with a bad purpose * * * ; without justifiable excuse * * * ; stubbornly, obstinately, perversely * * *." 290 U.S. at 394, 54 S.Ct. at 225. Then, the court continued to catalog various other meanings of willfully, including the following:

> "The word is also employed to characterize a thing done without ground for believing it is lawful * * * or conduct marked by careless disregard whether or not one has the right so to act * * *." 290 U.S. at 394–395, 54 S.Ct. at 225.

However, this enumeration of different meanings of willfully in various contexts should not be read as a statement that several definitions, among them the one last quoted above, are comprehended by the criminal statute in question. Indeed, rather than adopting a number of meanings, the Court proceeded to consider the context of the misdemeanor section and concluded that willful as an element of the offense connoted "bad faith or evil intent". 290 U.S. at 398, 54 S.Ct. at 226.

Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, is to the same effect. There the Court stated that willfulness, for purposes of both the misdemeanor in question and the felony of "willfully" attempting to evade taxes includes "some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer". 317 U.S. at 498, 63 S.Ct. at 368.

Instructions which define an act as willful when done "without ground for believing it is lawful", or when "marked by careless disregard whether or not one has the right so to act", have been rejected by this court as improper dilutions of the scienter required by section 7203. United States v. Palermo, 3d Cir., 1958, 259 F.2d 872; accord Haner v. United States, 5th Cir., 1963, 315 F.2d 792; cf. United States v. Litman, 3d Cir., 1957, 246 F.2d 206.

■ Our affirmative statements of the meaning of "willfulness" in section 7203 or its predecessor clearly exclude any type of carelessness or negligence, however inexcusable. Thus, in the *Palermo* case we said:

> "Willfulness is an essential element of the crime proscribed by [the misdemeanor section] * * *. It requires existence of a specific wrongful intent —an evil motive—at the time the crime charged was committed * * *. Mere laxity, careless disregard of the duty imposed by law, or even gross negligence, unattended by 'evil motive' are not probative of 'willfulness'". 259 F.2d at 882.

Similar language appears in United States v. Litman, supra at 209. The "willful" requirement means an act both "intentional and reprehensible", United States v. Goldman, 3d Cir., 1965, 352 F.2d 263, 265 n. 3, "attended by knowledge of the legal obligation and purpose to prevent the government from getting that which it lawfully requires". United States v. Cirillo, 3d Cir., 1957, 251 F.2d 638, 639.

Two cases in the Ninth Circuit, Abdul v. United States, 1958, 254 F.2d 292, and Martin v. United States, 1963, 317 F.2d 753, and the dissent in the instant case seek to justify a less restrictive definition of "willfulness" by arguing that the standard of willfulness is different for the misdemeanor, defined by section 7203, than for the felony—attempt to evade tax—defined by section 7201. Justification for this claimed distinction is thought to be found in the language of the *Spies* case in which the Court distinguished the misdemeanor from the felony, saying:

"The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term 'attempt,' as used in the felony subsection." 317 U.S. at 498, 63 S. Ct. at 368.

" * * * [For the felony] Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors." 317 U.S. at 499, 63 S.Ct. at 368.

It is true that, by this language, *Spies* makes a distinction between the criminality of the misdemeanor and the criminality of the felony. United States v. Long, 3d Cir., 1958, 257 F.2d 340. However, this distinction is found in the additional misconduct which is essential to the violation of the felony statute, examples of which are given in Spies at page 499 of 317 U.S., at page 368 of 63 S.Ct., and not in the quality of willfulness which characterizes the wrongdoing. Thus, in Sansone v. United States, 1965, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882, the defendant, indicted and tried for the section 7201 felony, claimed that he was entitled to a charge on the misdemeanor under the lesser included offense doctrine. After finding that the only issue at trial was whether the defendant's acts charged as constituting attempted tax evasion were "willful", the Court held that the defendant was not entitled to a lesser offense charge because, as applied to the given fact situation, "willful" in the two sections " 'covered pre-cisely the same ground' ". 380 U.S. at 352, 85 S.Ct. at 1010.

Actually, one of the conclusions of the Court in Spies was that to be convicted of failure to pay a tax, the misdemeanor, the failure must be characterized by "some element of evil motive" because to convict in absence of such scienter would violate "our traditional aversion to imprisonment for debt". 317 U.S. at 498, 63 S.Ct. at 367.

It follows that it was error in this case to instruct the jury that it might find "willfulness" within the meaning of section 7203 in conduct characterized by merely careless disregard of legal obligation or in acts that were merely capricious or not justified by any reasonable belief in their legality.

We have not overlooked the fact that the defendant did not except to the erroneous portions of the charge. However, we think the language of the charge constituted "plain error" of a prejudicial sort, which a reviewing court may and should correct as authorized by the saving clause of Rule 52(b), Federal Rules of Criminal Procedure, Haner v. United States, supra; contrast United States v. Litman, supra.

Since this case must be retried, we add an admonition against repetition of another error. Apparently, the court's purpose at one point in the charge was to state the familiar principle that "[a] series of defaults, indicating a pattern of behavior, knowingly and intentionally made, may suggest the existence of the specific 'evil motive.' " See United States v. Palermo, supra, 259 F.2d at 882. However, the court charged as follows:

"In determining the state of mind or intent with which the accused did the acts charged in the particular counts and where proof of an earlier act or [sic] like nature is established, it is clear and conclusive, you members of this jury may draw, therefore, the inference that in doing the acts charged in the particular count under deliberation the accused acted wilfully and

with specific intent and not because of inadvertence or any other innocent reason."

■ As given, this instruction is at least confusing. And, to the extent that the clause "it is clear and conclusive" makes prior failure to file conclusive evidence of bad motive on a subsequent occasion, the instruction is seriously erroneous. It should not be repeated.

The judgment will be reversed and the cause remanded for a new trial.

GANEY, Circuit Judge (concurring and dissenting).

I concur in the result here reached that a new trial should be granted, but I am in disagreement with the basic ground for reversal upon which the majority predicates its judgment, that is the lower court's recourse in its charge —interlarded with other criteria of willfulness—to the phrase, "a careless disregard whether one has a right so to act", in defining willfulness under § 7203, Title 26.[1] It is to this phase of the majority's opinion alone that I dissent from, as I am in agreement with the other conclusions there reached.

It is important to keep in mind the following facts shown at the trial, for the word "willful" is a word of many meanings, depending upon the context in which it is used, Zimberg v. United States, 1 Cir., 142 F.2d 132, 137, and it is submitted on the facts developed at trial that the court's charge with respect to willfulness, under the factual situation here obtaining, was a correct one. The supervisor of Internal Revenue testified that there was no record of a personal income tax return of the appellant for the years 1958 and 1959; additionally, his gross income for 1958 showed that he had an income of at least $11,800.00, and for the year 1959, $24,316.70; one Herbert Dorfman, a public accountant, who was employed by the appellant, notified him that he should take care of his personal income tax return for 1958; another accountant for the appellant's corporation, Michael Carl, testified that he began his employment in March of 1959, though not for the appellant personally, and appellant told him that all his tax returns prior to 1959 had been filed. In spite of the fact that the appellant testified that he knew he had filed returns for the years 1958 and 1959 because Carl had made them out for him, Carl testified he was never asked nor did he ever do any personal accounting for the appellant; Gerald Baker, appellant's accountant at the time of trial, testified he was employed by the appellant in June of 1960, and that he filed appellant's tax returns for 1960 through 1963, but that he first learned from an Internal Revenue agent that appellant's 1958 and 1959 tax returns were not filed, yet appellant never advised him that he was being investigated for failure to make these returns, although the record shows that appellant knew he was being investigated concerning the same at the time; Irwin D. Marks, another accountant who was employed sometime during the year 1960, testified that he discussed the 1959 return with the appellant before April 15, 1960, and the appellant advised him that he had not filed a return, and asked him to secure an extension of time within which to file a return, which Marks did, and he got an extension from the Internal Revenue Service until June 15, 1960; the appellant never provided Marks with information necessary to make up

1. This section reads as follows: "§ 7203. Willful failure to file return, supply information, or pay tax. Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

the return and as the time for the extension was drawing to a close, appellant advised him shortly thereafter to file for a further extension until October 15, 1960, which he did. However, he was advised by the Internal Revenue Service that they were denying his request, after careful consideration, and that a return should be filed within ten days from the date of that notice; appellant was advised of this and checks and records were requested of him, but they were never provided by him; appellant testified that he filed the returns himself and put them in an envelope, but didn't mail them. Later, he stated that he personally did not mail them and did not know, of his knowledge, whether they were ever mailed.

A mere recitation of these facts, in my judgment, shows a series of acts done intentionally and designedly, a conscious, deliberate choice to disregard the command of the statute or what is tantamount thereto, "a careless disregard whether one has right so to act". The phrase must be considered in its totality. It connotes not carelessness as such, but that which gives to it the facet of willfulness, the balance of the phrase, "a careless disregard of whether one has a right so to act".

In order to properly evaluate the charge of the court below, it will be necessary to quote, in some detail, certain portions of the charge complained of, in proper context:

"So, therefore, members of the jury, it must be established by the Government beyond a reasonable doubt that the acts charged in the information and in violation of the statute were done willfully. And the word willfully as used in the statute, denouncing such acts means that which is intentionally or knowingly or voluntarily done as distinguished from accidentally. And the word is employed to characterize such conduct as marked by a careless

disregard whether or not one has a right to so do. So that at first glance, members of the jury, you will note that the gist of the offense as charged in the information is willful failure on the part of the defendant to file a return."

\* \* \* \* \* \*

"So keep in mind, members of the jury, that it is incumbent upon the Government to prove these things and to prove that he did violate the law, if he did do so, knowingly and willfully. And by the term willfully, as used in the statute, means with a bad purpose or without grounds for believing that one's act is lawful or with such a careless disregard whether one has a right so to act.

"The word willful, again let me state to you, members of the jury, as used in the two counts of the information, that is the failing to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause or capriciously or with a careless disregard whether one has a right so to act."

\* \* \* \* \* \*

" \* \* \* And of course in this case the Government charges the defendant intentionally, willfully and knowingly failed to file his income tax returns for the years of 1958 and 1959."

As has been indicated, there was no objection by able counsel for the appellant to the court's charge at the close thereof and, accordingly, if error is to be found, it must come under the Plain Error Rule, 52(b), Federal Rules of Criminal Procedure.[2]

Accordingly, in order to determine the fairness of the phrase as a standard for willfulness under § 7203, it is imperative that we turn to decided cases in this and other circuits. One of the earliest cases, decided May 14, 1915, in the

---

**2.** This Rule reads as follows: "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

United States District Court for the Eastern District of Pennsylvania, was United States v. Philadelphia & Reading R. R. Co., 223 F. 207, construing a criminal statute where the Government alleged that the carrier knowingly and willfully failed to comply with the provision imposing a penalty for failure of the carrier to unload and rest animals, where the court stated, at p. 210: "'Willfully' * * * is an attitude of mind and will. It carries with it ignoring of the law, or of indifference to its provisions."

A landmark case in the construction of the term is United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, decided September 11, 1933. Here, the defendant was indicted under § 1114(a) of the Revenue Act of 1926, a misdemeanor, which is the same as § 145(a) of the Revenue Act of 1939, which, in turn, is embodied in 26 U.S.C.A. § 7203 of the Act of August 16, 1954, which latter section is that under which the appellant here is indicted. In the above case, the court defined willfulness as follows (p. 394, 54 S.Ct. p. 225): "The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute, it generally means an act done with a bad purpose (Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; and the cases cited); without justifiable excuse (Felton v. United States, supra, and the cases cited); stubbornly, obstinately, perversely (Wales v. Miner, 89 Ind. 118, 127; and the cases cited). The word is also employed to characterize a thing done without ground for believing it is lawful (Roby v. Newton, 121 Ga. 679, 49 S.E. 694, 68 L.R.A. 601), or conduct marked by careless disregard whether or not one has the right so to act (United States v. Philadelphia & R. Ry. Co., [D.C.], 223 F. 207, 210; and the cases cited)." Therefore, we have here, by the Supreme Court, a plain, clear, unambiguous definition of willfulness under the misdemeanor section of 7203. This decision of the Supreme Court was later confirmed in United States v. Illinois Central R. R. Co., 303 U.S. 239, at 242, 58 S.Ct. 533, at 535, 82 L.Ed. 773: "In statutes denouncing offenses involving turpitude, 'willfully' is generally used to mean with evil purpose, criminal intent or the like. But in those denouncing acts not in themselves wrong, the word is often used without any such implication. Our opinion in United States v. Murdock, 290 U.S. 389, 394 [54 S.Ct. 223, 78 L.Ed. 381], shows that it often denotes that which is 'intentional, or knowing, or voluntary, as distinguished from accidental,' and that it is employed to characterize 'conduct marked by careless disregard whether or not one has the right so to act.'"

The offense here charged is the failure to file a tax return which, it is to be remembered, is a violation of an administrative command and not one involving moral turpitude. Judge Maris, of this Court, speaking in United States ex rel. Manzella v. Zimmerman, D.C., 71 F.Supp. 534, at 538, held that an indictment charging a prison break and escape with force and arms did not constitute turpitude stating, " * * * I cannot say that the action of an escaping prisoner involves that element of baseness, vileness or depravity which has been regarded as necessarily inherent in the concept of moral turpitude." To the same effect is Jordan v. De George, 341 U.S. 223, 226, 71 S.Ct. 703, 95 L.Ed. 886, reversing the Court of Appeals, 183 F.2d 768, wherein it is stated, "'crimes involving moral turpitude,' * * * 'were intended to include only crimes of violence, or crimes which are commonly thought of as involving baseness, vileness or depravity. Such a classification does not include the crime of evading the payment of tax on liquor, nor of conspiring to evade that tax.'" It can thus be seen that the Supreme Court, in United States v. Illinois Central R. R. Co., supra, specifically adopts the phrase in United States v. Murdock, supra.

The differentiation between § 7203, the misdemeanor, and § 7201, the felony, is pointedly made in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418,

decided January 11, 1943, ten years after United States v. Murdock, supra, where the petitioner was convicted of violating § 145(b) of the Revenue Act of 1939, now § 7201, which makes a willful attempt in any manner to evade or defeat any tax owing to the Government a felony. It was the contention of the Government here that willful failure to make a return, plus willful failure to pay the tax, both misdemeanors under the Revenue Code of 1939, § 145(a), now § 7203, without more, constituted an attempt to defeat and evade under the felony, § 145(b), § 7201. The court stated, at p. 497, 63 S.Ct. at p. 367: "But it would be unusual and we would not readily assume that Congress by the felony defined in § 145(b) meant no more than the same derelictions it had just defined in § 145(a) as a misdemeanor." A little later, on the same page, it also stated: "The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context. United States v. Murdock, 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381]. *It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return.* Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness." (Italics ours.) Again, at p. 499, 63 S.Ct. at p. 368, the court stated: "We think that in employing the terminology of attempt [§ 145(b), § 7201] to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." Finally, at p. 500, 63

S.Ct. at p. 368, the court stated: "But we think a defendant is entitled to a charge which will point out the necessity for such an inference of willful attempt to defeat or evade the tax from some proof in the case other than that necessary to make out the misdemeanors; * * *." Here, as can be seen, the Court reiterates a number of times the difference between the requisites of willfulness for the offenses set out as misdemeanors, § 145(a), § 7203, failure to pay the tax, failure to make a return, etc., and that requisite for the felony, the attempt to evade and defeat the tax, § 145(b), § 7201. It is apparent, therefore, that the Supreme Court in these cases requires a lesser standard of willfulness for the misdemeanor section than it does for the felony section and, accordingly, it is extremely important to bear this differentiation in mind.

Thus, in United States v. Martell, 199 F.2d 670, Judge Goodrich of this Circuit, in defining a requisite element for the felony, § 145(b), § 7201, tax evasion, states: "A willful evasion of the tax requires an intentional act or omission, as compared to an accidental or inadvertent one. It also requires a specific wrongful intent to concealing an offense known to exist." It will be seen here that in § 7201, § 145(b), a definite, specific intent is requisite which is not pointed up in the cases coming under § 7203, § 145(a), a misdemeanor.

In Bloch v. United States, 9 Cir., 221 F.2d 786, an indictment charging appellant with attempting to evade or defeat the payment of income tax under § 145 (b), Title 26 U.S.C.A. § 7201, the court held that it was necessary that a specific intent involving bad purpose or evil motive to evade or defeat the payment of his income tax was the willfulness that was requisite. Here, the lower court stated, using the language of United States v. Murdock, supra, at p. 789, that willfulness included an act "with a careless disregard whether or not one has the right so to act." In reversing, the court said at p. 789, "The *Murdock* case itself does not apply the defini-

tion of 'wilfully' used by the trial court in the instant Section 145(b) case." Here, again, it is pointed up that the willfulness requisite for § 145(b) cases, § 7201, is of a higher standard than that requisite for § 145(a) cases, § 7203, the instant case, in that a careless disregard for whether or not one has the right to so act, which characterizes willfulness in the misdemeanor, United States v. Murdock, supra, does not suffice for the standard requisite for the felony, § 7201.

In Forster v. United States, 9 Cir., 237 F.2d 617, a § 145(b) case, § 7201, in the second part of its instruction to the jury, the lower court used the following language, referring to "willful". "The word is also characterized—employed to characterize a thing done without ground for believing it lawful, or conduct marked by reckless disregard whether or not one has the right so to act." Here, the court reversed, and stated at p. 621, "Reluctantly, this court has concluded, principally on the authority of Spies v. United States, * * * that the case must be reversed because of the second part of the instruction." Here, again, the court notes the difference in defining "willfulness" as between the misdemeanor of § 145(a), § 7201, and that requisite in § 145(b), § 7203, and again points up the fact that the phrase, "conduct marked by reckless disregard whether or not one has the right so to act", is not the standard of willfulness for the felony.

In United States v. Long, 257 F.2d 340 (3rd Cir. 1958), a § 145(b) case charging willful attempt to defeat and evade the tax, § 7201, Judge Hastie points up the distinction between willful but passive negligence of the statutory duty and a willful and positive attempt to defeat and evade taxes. Here, an attempt was made to prove that a charge in an indictment for attempting to defeat and evade the tax in 1949, the felony, could not be proven by showing the failure to file a return, the misdemeanor, in 1948, and stated, at p. 341: " *'Willful but passive neglect of the statutory duty may constitute the lesser offense*, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.' Spies v. United States, 317 U.S. at page 499, 63 S.Ct. at page 368. *In the light of this distinction it is difficult to see how evidence concerning passive failure to perform a required act in 1948* can indicate willfulness in affirmative misdoing during the following year." (Italics ours.) This language is most consonant with the differentiations noted above.

In United States v. Palermo, 259 F.2d 872 (3rd Cir. 1958), involving a misdemeanor under § 7203, relied on by the majority, the court's opinion concerning willfulness is not in agreement with the result here reached. This case was one of first impression wherein the appellant, though he had filed returns for 1953 and 1954, failed to make payment of the tax thereof until September 1956. The court, in its opinion, after citing United States v. Murdock, supra, and Spies v. United States, supra, refers to Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Martell, supra, and Bloch v. United States, supra, the latter two being felony cases under 7201, stated at pp. 880 and 881: "As earlier pointed out the District Court was guided to its finding of willfulness by the definition of 'willful' as stated in the *Murdock* case. Because it found that defendant's failure to pay taxes on time 'was stubborn, obstinate, and perverse'; he acted 'without justifiable excuse'; 'his conduct was marked by a careless disregard' and 'there was a want of justification', it made the ultimate fact-finding of willfulness. The factors stated, neither singly nor cumulatively, are self-sufficient to establish 'wilfulness' under Section 145(a). Forster v. United States, supra. Nor does even 'gross negligence' do so." It will thus be seen that the court cited authority for the position it stated as Forster v. United States, supra, which is a felony case under § 145(b), § 7201, which, as we have attempted to demonstrate above, is not the criterion for § 7203, § 145(a). The court then followed by quoting United

States v. Martell, supra, which is, likewise, a felony case under § 7201, § 145 (b), wherein it states willfulness "requires a specific wrongful intent", which is a correct statement of the law, but only as it involves a violation of § 7201. It is submitted here that the court mistakenly applied the standard of willfulness requisite for the felony, § 7201, citing Forster v. United States, and United States v. Martell, supra, both felony cases, in disposing of the misdemeanor before it under § 7203. Further, Sansone v. United States, 380 U.S. 343, at 351, 85 S.Ct. 1004, at 1010, 13 L.Ed.2d 882, looks to the confirmation of the position here taken since it quotes Spies v. United States, supra, in pointing out the difference between the felony and the misdemeanor, §§ 7201 and 7203, stating that "the felony involves 'some willful commission in addition to the willful omissions that make up the list of misdemeanors.' "

While the Fifth Circuit has held in Haner v. United States, 315 F.2d 792, that the phrase in question, "or with a careless disregard whether one has the right so to act", was not the proper standard for § 7203, the Ninth Circuit in Abdul v. United States, 254 F.2d 292, and in Martin v. United States, 317 F.2d 753, quoted this phrase with approval and used virtually the same language as in the instant case.

It is submitted from the rather fulsome review of the authorities here set out that there has been no little confusion occasioned by courts with respect to the phrase under consideration. Nevertheless, the phrases set out in United States v. Murdock, supra, while not ones of limitation, do offer the guidelines for the concept of "willfulness" in the misdemeanor, § 7203, and are the accepted criteria to be followed as, to date, the doctrine enunciated therein has not only never been repudiated nor even, by implication been overruled by the Court, but, as has been indicated, it is quoted with approval in United States v. Illinois Central R. R. Co., supra, and we would,

accordingly, affirm the charge of the lower court with respect to its use.

However, we reject the lower court's use of the phrase, "or capriciously" as a criterion of willfulness under § 7203. It is submitted that the phrase "or capriciously" is an unfortunate use of the word in describing "willfulness". Its content is of a lesser quality, in my judgment, than that requisite for willfulness, in that it is a weakening or diluting of the standard set out in United States v. Murdock, supra. In Webster's Dictionary, it is defined as "given to changes of interest or attitude according to whims or fancies: not guided by steady judgment, intent or purpose." Accordingly, it can be seen readily, since it is alleged in the disjunctive, that the jury could have used this standard of willfulness as its criterion which, in our judgment, is reversible error.

As indicated heretofore, I am in agreement with the balance of the opinion of the majority which points out some degree of confusion in the court's charge as to prior acts being subject to proof of the intent of willfulness.