UNITED STATES of America

v.

Joseph FRANK.

No. 12146.

United States Court of Appeals
Third Circuit.

Argued April 16, 1957.

Decided May 15, 1957.

Alexander Cooper, Pittsburgh, Pa., Robert M. Taylor, Philadelphia, Pa., (Samuel E. Dennis, Philadelphia, Pa., on the brief), for appellant.

Hubert I. Teitelbaum, Asst. U. S. Atty., Pittsburgh, Pa., (D. Malcolm Anderson, Jr., U. S. Atty., Leonard J. Paletta, Asst. U. S. Atty., W. D. Pennsylvania, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Pennsylvania convicting Joseph Frank of violation of Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b).

■ The first point raised by the appellant is his claim that his constitutional rights under Amendments Four and Five were violated. On behalf of Frank it is urged that papers, books and records belonging to him were turned over to revenue agents by reason of their fraudulent representation to him concerning the nature of the examination they were making or about to make. Taxpayer says that he was led to believe that a routine audit was to be made and if he had known there was a special agent also assigned to his case he would not have given up his papers without advice of counsel. Cf. Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647.

He also brings to our attention certain instructions which were given to the revenue agents concerning investigation of a so-called "racket group" case which this was. These instructions were as follows:

"When the agent has completed the preliminary background on his taxpayer, he should then contact the taxpayer, informing him that a routine examination of his tax return is being made for the year, and that an appointment would be desirable. The taxpayer may then inform the agent that he has an accountant who has prepared the return. Your authority is then complete to contact the accountant. It is advisable to

review the accountant's work papers used in the preparation of the tax return. However, this should not be the basis of closing the investigation as the accountant has used the information supplied by the taxpayer and it may not be complete in divulging all the income, nor will it have all the records necessary in verification of deductions or business expenditures.

\*　　\*　　\*　　\*　　\*

"Be cautious and alert and cultivate the confidence of the taxpayer without tipping your hand as he may cooperate to some degree with you, but if he finds out that you are on his trail as an 'R' sleuth, he may clam up, and from then on your job will be much more tedious and a lot of harder work is ahead of you."

We agree with the appellant that the tone of these instructions is greatly to be deplored. We think they can be easily misunderstood by an agent to urge him to get over the line into fraudulent conduct in an effort to capture a tax evader. They are not the kind of instructions which tend to foster good relations between a government and its citizen taxpayers even though some taxpayers may have strayed from the path of accuracy.

The defendant's point about this matter, however, has been thoroughly litigated before. There was, before trial, a motion under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., for the return of property and to suppress evidence. There was a hearing upon this motion, a very thorough hearing. The district judge overruled the motion and filed a memorandum opinion setting out why, in his opinion, the evidence failed to sustain the contention that fraud was practiced by the government agents. D.C.W.D.Pa.1956, 151 F.Supp. 864.

Again at the close of the trial the judge charged the jury, at the defendant's request, that:

"Any such evidence, including papers, business books, records, bank records, and cancelled checks, as well as oral and written admissions obtained by the defendant by fraud, force, persuasion, misrepresentation, trickery, or deceit of the Government agents, if any, should not be considered against this defendant."

The jury's finding of guilty necessarily involved a finding in agreement with that of the court at the preliminary hearing on the motion.

■ The appellant therefore must demonstrate that there was no reasonable basis to sustain the conclusion of both the judge and the jury. It is quite clear that he cannot do this. The agents testified they did describe the investigation as "routine" but denied that they ever told the taxpayer they were merely conducting an investigation to determine routine civil tax liability. See the thoughtful discussion by Judge Soper in Turner v. United States, 4 Cir., 222 F.2d 926, certiorari denied, 1955, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742. Every investigation is, in a sense, routine at the start because the agents cannot know until they get into a given case what sort of liability will grow out of their investigation. We have recently held that the agent is not required to warn the defendant that he did not have to give any information that might be used against him in a criminal proceeding. United States v. Burdick, 3 Cir., 1954, 214 F.2d 768, remanded, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710, affirmed on remand, 3 Cir., 221 F.2d 932, certiorari denied, 1955, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742. Under the statutes the government has authority to examine books, papers and records (see Int.Rev. Code of 1954, § 7602, 26 U.S.C.A. § 7602; Int.Rev.Code of 1939, § 3614, 26 U.S.C.A. § 3614), and we do not think any taxpayer considers an audit by a revenue agent to be a call for purely social purposes. The individual conclusions of the judge and the jury are well supported.

An income tax deficiency for the year 1948 only was involved. The government proved its case by the "bank de-

posit expenditure method" and for corroboration used the "net worth method." Each has become standard in income tax prosecutions. And each is, obviously, a method of proving an offense by circumstantial evidence. All the points which defendant raises in this Court were discussed by the district judge in his opinion following motion for new trial in the district court. See D.C.W.D.Pa. 1956, 151 F.Supp. 866. We need not repeat the detailed statement made in that opinion showing the careful allowances made by the revenue authorities in order not to charge the defendant with a greated discrepancy between income received and income reported than he should be called upon to answer for. We have checked these statements with the testimony and find them accurate.

■ There was also a showing of possible source of other income than that reported by the defendant. He was a partner in a vending machine concern. Defendant says that the government's revenue agent admitted that this concern's books appeared to be in order. We make nothing of that point however. That business concern is not on trial and it is enough that partnership in the business was shown as a possible source of additional revenue. It was also shown that the defendant on several of his income tax returns had reported a gain from "sporting enterprises," an euphemistic term for gambling profits. He did not return any for 1948 and it is suggested that this form of activity was another possible source of income. This point was quite thoroughly developed and the defendant's method of bookkeeping, or lack of bookkeeping, for his sporting enterprises was shown. This was all relevant and its weight for the jury. There was also the possibility of income from a pinball business although the trial judge did not think this was so very strong and we agree with him. He thought it could be, however, a "significant indication" of a likely source under our decision in United States v. Adonis, 3 Cir., 1955, 221 F.2d 717, 720.

■ The proof concerning what the defendant had on hand at the beginning of the taxable year in question is relevant to the bank deposit theory of the case as well as that of net worth. If his deposits or expenditures came from a safety deposit box in a bank or from a hoard at home, obviously they are not "income" when taken from their storage place and deposited in a checking account nor when spent. The amount which the defendant did have on hand at the beginning of 1948 was, as discussed below, the subject of testimony by government witnesses.

There was a dispute over the amount of the defendant's cash on hand at the beginning of the year for which evasion is charged. The defendant says he had $29,000 at that time, the remainder of $50,000 which he claimed to have had in 1945. He admitted, in one interview, that all he had in 1945 was what was in a pocket and what he had in the banks. This was about $10,000. Then follows the argument that the prosecution cannot depend upon the petitioner's admission alone but must offer corroborating evidence. This is based upon Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192, where the matter is fully discussed and where the court went far in extending the rule requiring corroboration of not only confessions in income tax cases but admissions as well.

Whether this requirement of corroboration of defendant's admissions applies where the net worth method itself is used only in corroboration of the bank deposit method the court did not say for that question was not before it. But in any event there was corroborative testimony here tending to show that Frank could not have had $50,000 in 1945. This evidence is discussed in detail in the opinion of the district judge and need not be set out again here.

■ There was a sufficient showing of intent. The prosecution showed understatement of income for several other years specifically for the declared purpose

288

of showing intent. This is itself enough. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, rehearing denied 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731.

The jury was well and fully instructed both as to law and fact. The defendant was represented by experienced counsel and ably defended. In the course of this review we have been back again over the series of cases beginning with Holland v. United States, supra. The government's case meets the requirements laid down by the Supreme Court in that series of decisions.

 The sentence imposed by the trial court which is in conformity with the provisions of the statute is not reviewable here, no showing of an abuse of discretion having been shown. Price v. United States, 5 Cir., 1953, 200 F.2d 652; United States v. Cosentino, 7 Cir., 1951, 191 F.2d 574.

The judgment of the district court will be affirmed.