UNITED STATES of America

v.

Max LINENBERG.

Cr. A. No. 19662.

United States District Court E. D. Pennsylvania.

Nov. 24, 1959.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., Joseph J. Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Dash & Levy, by Abraham J. Levy, Philadelphia, Pa., Robert M. Taylor, Philadelphia, Pa., for defendant.

GRIM, District Judge.

A jury has found Max Linenberg guilty on 16 counts of willfully attempting to evade or defeat a part of the retail dealer's tax on furs during 1953, 1954, and 1955, in violation of Section 2707(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 2707(c), and Section 7201 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7201. He has moved for a new trial and for judgment of acquittal.

Section 7201 provides:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall \* \* \* be guilty of a felony \* \* \*."

Section 2707(c) of the 1939 Code is identical in all material respects.

Retail dealers in furs are required to collect the tax on the sale of each fur and to file returns and remit the tax periodically. Monthly returns were required through June, 1953, and quarterly returns thereafter.

The defendant, who conducted a retail fur store with his brother, filed 16 returns during the years 1953, 1954, and 1955, and paid the tax which the returns showed to be due. Each of the returns was false in that each of them substantially understated the amount of the sales and the amount of tax which was due. Defendant knew that each return was false and he intended that each return should be false.

The total tax due for the years 1953, 1954 and 1955 was      $14,070.21
The total tax reported and remitted for this period was      4,341.69

The deficiency was      $ 9,728.52

The firm's books were kept correctly and accurately at all times. There was no effort on defendant's part to make false entries in the books or in any way other than filing false returns to keep from the government information as to how much tax he owed. The information in the returns, of course, did not correspond with the information set forth in the books.

On a motion for new trial all reasonable inferences from the evidence are to be resolved against the person who has lost the verdict. Applying this rule to the testimony of defendant and the firm's bookkeeper, who prepared the false returns on defendant's instructions, it appears that the false returns were filed because the business was in a poor financial condition and that defendant desired to postpone payment of the tax until the business should become better able to pay. To postpone payment, defendant thought it necessary to conceal [1] from the government the full amount of the sales and the tax liability, because defendant knew from past experience that if he disclosed his full tax liability but failed to pay in full, revenue agents would proceed with vigor to collect the unpaid tax, even, possibly, to the extent of seizing his assets and closing his business. To avoid the possible seizure and closing of his business, and also to have money to pay other pressing creditors, defendant decided to disclose in the tax returns only so much of the tax liability for each preceding period as was within the amount of cash conveniently available to the business for tax purposes at the time each return was filed and to conceal the rest of the liability. This is what he did.

Defendant testified that he had no intention of defrauding the government of tax. He said that his intention was to pay the tax in full at a time in the future when, if ever, the condition of the business would make full payment possible.

The jury apparently chose to disbelieve defendant's assertions that he did not intend to defraud the government. Apparently it chose to believe instead that the numerous understatements of sales and tax liability, together with defendant's admission that his purpose at least tem-

---

1. To constitute concealment usually there must be an affirmative act done with the purpose of hiding something. When a taxpayer understates his tax liability in a tax return for the purpose of not disclosing to the government the correct amount of tax liability, the preparation and filing constitutes an affirmative act.

The obvious first step in attempting to evade tax would be to file a false return to conceal as much as a false return can do it, the correct information and the full amount of tax liability. If the return should not be investigated, the correct information and attempt to conceal would never be discovered.

porarily was to conceal from the government the full amount of his tax liability, proved to them beyond a reasonable doubt that defendant had the evil motive either of concealing the full amount of tax due or evading payment of the full amount of tax at the time it was due and, perhaps, of evading the payment of the full amount of the tax altogether, despite defendant's protestations to the contrary.

That the business books were kept correctly and always showed the correct amount of sales and the full tax liability was a strong argument in defendant's favor, in line with his contention that his motive was an honest one, since almost at a glance the books would show an investigator that the returns were incorrect. This, however, was only an argument to the jury which, apparently, in the light of all the evidence, it chose to reject.

In my opinion, the facts of the case presented a question for the jury. In United States v. Martell, 3 Cir., 1952, 199 F.2d 670, at page 672 (a tax evasion case), the court said:

"Willfulness is an essential element of the crime * * *. It is best defined as a state of mind of the taxpayer wherein he is fully aware of the existence of a tax obligation to the government which he seeks to *conceal*. A willful evasion of the tax requires an intentional act or omission as compared to an accidental or inadvertent one. It also requires a specific wrongful intent to *conceal* an obligation known to exist, as compared to a genuine misunderstanding of what the law requires." (Emphasis supplied.)

In United States v. Litman, 3 Cir., 1957, 246 F.2d 206, 209 (a failure to file tax returns case), the court affirmed a conviction and approved a charge to the jury which included this language:

"If * * * you are satisfied, beyond a reasonable doubt, that the defendant willfully failed to make these returns, with a bad purpose, of *concealing* from the Government the extent of his tax liability, then you should find him guilty." (Emphasis supplied.)

Probably even without Linenberg's admission that he intended to conceal the full amount of his tax liability there would have been a case for the jury because of the long pattern of behavior, 16 consecutive false returns.

In United States v. Palermo, 3 Cir., 1958, 259 F.2d 872, at page 882 the court said:

"Willfulness is an essential element of the crime * * *. It requires existence of a specific wrongful intent—an evil motive—at the time the crime charged was committed * * *. A series of defaults, indicating a pattern of behavior, knowingly and intentionally made, may suggest the existence of the specific 'evil motive'."

In United States v. Long, 3 Cir., 1958, 257 F.2d 340, at page 342, the court pointed out that the failure to file an income tax return for one year, 1948, was not evidence of a willful failure to file a return for that year, nor was it evidence of a willful attempt to evade income tax for the four following years, but the court went on to say:

"In this ruling we are neither unmindful nor critical of those cases which hold that repetition of the same course, whether failure to file or substantial understatement, over several years may justify an inference that this was intentional." [2]

In United States v. Litman, supra, where the defendant was charged with having failed to file income tax returns on time, the court said (246 F.2d at page 208):

"To begin with, the delay in filing was great and persistent over three consecutive taxable years. Such a

2. From the context it appears that intentional was intended to be used synonymously with willful in this quotation from the opinion.

pattern of behavior, as distinguished from a single occurrence, itself suggests willfulness."

In United States v. Frank, 3 Cir., 1957, 245 F.2d 284, at pages 287, 288, the court said:

"There was a sufficient showing of intent. The prosecution showed understatement of income for several other years specifically for the declared purpose of showing intent. This is itself enough."

From these cases it would seem that evidence of a persistent pattern of behavior by itself presents a jury question on the problem of whether or not there was the evil motive which is required in order that there be proof of willfulness. However, there are indications to the contrary. In Holland v. U. S., 1954, 348 U.S. 121, at page 139, 75 S.Ct. 127, 137, 99 L.Ed. 150, the Supreme Court said:

"A final element necessary for conviction is willfulness. The petitioners contend that willfulness 'involves a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income.' This is a fair statement of the rule. Here, however, there was evidence of a consistent pattern of underreporting large amounts of income, and of the failure on petitioners' part to include all of their income in their books and records. Since, on proper submission, the jury could have found that these acts supported an inference of willfulness, their verdict must stand."

While the opinion in the Holland case says that the conviction must stand because there was both understatement of income on the return[3] and independent evidence, certainly it did not use the phrase "consistent pattern of underreporting" unwittingly. It seems to me that the court meant to indicate that there is a difference between a single understatement and a consistent pattern of understatement. I believe that by its previous statement that "specific intent [willfulness] * * * cannot be inferred from the mere understatement of income," it meant no more than precisely what it said and that it meant to say only that from one understatement of income there can be no inference of willfulness. But it did not say and on the facts it did not decide that a persistent pattern of behavior by itself would not be enough to present a jury question on the problem of willfulness. Indeed, it is my opinion that if a case involving a persistent pattern of behavior without independent evidence should come before the Supreme Court, it would decide that a persistent pattern of behavior is enough by itself to present a question for a jury on the problem of willfulness.

In the case of United States v. Lindstrom, 3 Cir., 1955, 222 F.2d 761, at pages 762, 763, the court said:

"[Defendants] strongly urge that the evidence established merely that their taxable income was understated in their returns but not that they wilfully attempted to evade income tax thereby. Admittedly mere proof of understatement of taxable income without other evidence of wilfullness [sic] is insufficient to support a conviction * * *."

The court did not mention the persistent pattern problem and from the opinion it appears that the court attached no significance to it, but the facts in the Lindstrom case show that false returns had been filed for three years, 1947, 1949 and 1950. The decision clearly was that despite the evidence of a three-year pattern of behavior there was no jury question in the case. Judgment of acquittal was granted as to one of the defendants who had participated in filing these false returns, the court saying (222 F.2d at page 764):

"There is, therefore, in his case nothing more shown than that his returns understated his taxable income; not enough, as we have said,

3. The defendants had been convicted as to only one year.

to support a finding of a wilful attempt to evade tax."

It is difficult to make the decision in the Lindstrom case stand along with the above quotations from the Palermo, Long, Litman and Frank cases. The quotations are later than the decision in the Lindstrom case but the quotations are largely dicta while the Lindstrom case presents a clear decision. Consequently, it cannot be said with certainty whether evidence of a persistent pattern of behavior is or is not enough by itself to take a tax case to a jury on the question of willfulness.

Because of the independent evidence of willfulness in the present case, namely defendant's admission that he filed the false returns for the purpose of concealing his real tax liability from the government, there was sufficient evidence to take the case to the jury even without considering the evidence of a persistent pattern of behavior.

■ Defendant contends that the present case, like the case against the second defendant in the Lindstrom case, supra, has nothing more in it than an understatement of the correct amount of tax liability. As has been pointed out, however, this contention is incorrect. Defendant's explanation and admission show his state of mind, his motive in filing the false returns being the principal issue in the case. The jury had a right to accept part of defendant's oral testimony and reject other parts if it saw fit to do so, as apparently it did. It chose to believe that his motive was evil rather than honest.

■ Defendant requests a new trial, contending that the court erred in permitting the prosecution to use large charts to show to the jury the numerous figures of sales, tax due and deficiencies while the figures were being testified to on the witness stand. The use of the charts undoubtedly enabled the jury better to grasp the large mass of material which was being presented to it and better to retain the figures in its memory. Use of the charts was within the trial judge's discretion. It should be noted that all the figures on the charts were admitted without objection into evidence and were conceded to be correct. The defendant could not have been harmed by the use of the charts.

Defendant's motions for a new trial and for judgment of acquittal will be denied.