UNITED STATES of America

v.

Paul R. CASAVINA, Appellant.

No. 15607.

United States Court of Appeals
Third Circuit.

Argued Sept. 13, 1966.

Decided Oct. 7, 1966.

Certiorari Denied Jan. 9, 1967.

See 87 S.Ct. 711.

See also 3 Cir., 368 F.2d 988.

Frederic C. Ritger, Jr., Newark, N. J., for appellant.

Jerome D. Schwitzer, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Barry D. Maurer, Asst. U. S. Atty., Newark, N. J., on the Brief), David B. Bliss, Special Counsel. Werner Goldman, Atty., S. E. C., Washington, D. C., of counsel, for appellee.

Before STALEY, Chief Judge, and Mc-LAUGHLIN and KALODNER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant was indicted for and tried and convicted of the fraudulent sale of securities and the use of the mails in connection with a fraudulent scheme. He raises numerous issues which, for the most part, appear to be mere afterthoughts.

Having failed to object to certain portions of the court's charge, he now maintains, as he must, see F.R.Crim.P. 30, 52(b); Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963), that clear error was committed in each of these instances or when all of these matters are considered together. Specifically, the appellant attacks the court's charge on burden of proof, the manner in which the jury should consider and the weight to be given the testimony of co-conspirators and experts, and lastly, the failure of the court to define "accomplice" to the jury. Read in its entirety, no clear error appears in the charge. The fact that the court could easily have amplified the charge by including some clarifying language, the absence of which appellant *now* complains, is a far cry from clear error. Nor does the aggregation of these points give rise to clear error.

Appellant also maintains that the district court unduly limited the cross examination of an accomplice. He recognizes that at this stage such a contention must be addressed to an abuse of the trial court's discretion. Our review of the record fails to disclose any such abuse. To the contrary, the record illustrates the wide latitude enjoyed by counsel in the extensive cross examination and re-cross examination of the witness involved.

The judgment of the district court will be affirmed.