**UNITED STATES of America**

v.

**Larry Pierce BROWN, Appellant.**

No. 16618.

United States Court of Appeals
Third Circuit.

Argued June 23, 1967.

Decided Aug. 1, 1967.

———◆——

Bernard L. Segal, Philadelphia, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

■ It is settled that an appellate tribunal will not review a judgment of sentence that is within the statutory maximum unless there be a showing of illegality or abuse of discretion. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); United States v. Ginzburg (3 Cir. 1967); United States v. Frank, 245 F.2d 284, 288 (3 Cir. 1957).

■ The appellant, Brown, asserts that the court below erred in the exercise of its discretion in that it failed to give consideration to the fact that in October 1966, after the final action of the appellant's draft board but prior to his sentencing, he had achieved the status of a full Pioneer of the Watchtower Society, the corporate name of the sect of Jehovah's Witnesses. But Brown himself points out that a statement of his Pioneer status is contained in the pre-sentence report. The Pioneer status of the appellant was called to the court's attention by the appellant's counsel at the sentencing hearing. We cannot conclude that the sentencing Judge was not aware of the appellant's Pioneer status or that he failed to take that factor into account in passing sentence. Moreover, there is no showing that the appellant conducted any religious services. He spent about 38 hours a week or about 160 hours a month in secular employment and only about 100 hours a month in his religious endeavors. The sentence was to 2½ years imprisonment, the appellant having refused work of national importance at the Norristown State Hospital. His counsel conceded at argument that many Jehovah's Witnesses have received terms of 3 years' imprisonment.

We can find no basis for concluding that the appellant merits special consideration or that the sentence imposed upon him demonstrates an abuse of discretion by the court below.

Accordingly, the judgment of conviction will be affirmed.