**UNITED STATES of America**

v.

**Gerardo RESTAINO, Appellant.**

**UNITED STATES of America**

v.

**Joseph MUSTACCHIO, Appellant.**

**Nos. 17078, 17079.**

United States Court of Appeals
Third Circuit.

Argued Oct. 7, 1968.

Decided Dec. 27, 1968.

Certiorari Denied March 10, 1969.
See 89 S.Ct. 1012.

See also, 3 Cir., 403 F.2d 218.

Peter S. Valentine, Glickman & Valentine, Newark, N. J., for appellant Gerardo Restaino.

Dino D. Bliablias, Stein, Bliablias & Goldman, Newark, N. J., (Kenneth J. McGuire, Newark, N. J., on the brief), for appellant Joseph Mustacchio.

George J. Koelzer, Asst. U. S. Atty., Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., for appellee.

Before McLAUGHLIN, STALEY and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Appellants, Joseph Mustacchio and Gerardo Restaino, were jointly tried and convicted by a jury of violating 18 U.S.C. § 201(b)[1] by bribing a public official. From their judgments of conviction these appeals followed.

Both appellants contend that the district court erred by confusing the jury with its charge on criminal intent.[2] In its initial charge, the court instructed the jury that criminal intent could be proven by circumstantial evidence and that it was permissible for the jury to draw the inference that a person ordinarily intends the natural and probable con-

1. "201(b). Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

"(1) to influence any official act; or

"(2) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

"(3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty * * *

"Shall be fined not more than $20,000 * * * or imprisoned for not more than fifteen years, or both * * *." 18 U.S.C. § 201.

2. This contention, and the alleged support therefor, is set out in Mustacchio's brief. Restaino indicated in his brief that he adopted Mustacchio's argument on this point *in toto*.

sequences of acts knowingly done. The court further charged that unless the contrary appeared from the evidence, the jury could infer that the defendants intended all the consequences which one standing in like circumstances and possessing like knowledge would have reasonably expected to have resulted from any act knowingly done. At the close of the charge, Mustacchio's counsel objected to the "natural and probable consequences" instruction on intent, cf. United States v. Barash, 365 F.2d 395, 402 (C.A. 2, 1966), and requested that it be qualified in certain respects. In response to this request, the court excused the jurors and instructed them not to begin their deliberations. Mustacchio's counsel was then asked to write out and submit to the court a remedial instruction that would cure any error in the initial instruction. Counsel did this, but then asked the court to withdraw his proposed corrective instruction because he apparently believed it to be inadequate. After an extended discussion, agreement was reached between Mustacchio's counsel and the court concerning the substance of the corrective instruction. The jury was then called into the courtroom and given the supplemental charge. Counsel for both defendants indicated their satisfaction with the court's revised charge.[3]

■■■ We have carefully examined the corrective instructions, and we fail to see how confusion could have emanated from the district court's patient and judicious handling of this matter. Aside from the fact that appellants' counsel did not object to and actually agreed with the supplemental instruction, the record clearly discloses that the court directed the jury to ignore its previous instruction regarding criminal intent and then proceeded to set out in detail the proper criteria for determining the existence of *mens rea*. We must assume that the jury followed the court's instructions, Cook v. United States, 354 F.2d 529 (C.A. 9, 1965), for "[t]o say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict. Our theory of trial relies upon the ability of a jury to follow instructions." Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954). There was clearly no reversible error here.

■■■ In a related contention, Mustacchio argues that the jury may have been confused by the court's charge that the Federal Aider and Abettor Statute, 18 U.S.C. § 2,[4] might apply depending on how the facts were found. Here again we note that although the district court allowed ample opportunity for counsel to object to any portion of the charge, no objection was voiced concerning this instruction. In the absence of a timely objection in the district court, Mustacchio cannot raise the issue here unless he establishes that the aiding and abetting charge constituted plain error. F.R. Crim.P. 30, 52(b). See also, United States v. Casavina, 368 F.2d 987 (C.A. 3, 1966), cert. denied, 385 U.S. 1006, 87 S.Ct. 711, 17 L.Ed.2d 544 (1967); United States v. Provenzano, 334 F.2d 678, 690 (C.A. 3, 1964). This he has not attempted to do; he merely alleges that the charge could have created some confusion. Our examination of the charge convinces us that there is no basis for this contention. The court properly advised the jury of the possible application of 18 U.S.C. § 2, and we can see no error—plain or otherwise. Cf. United States v. Provenzano, supra at 690–691.

■■ Mustacchio next argues that he was denied the effective assistance of

---

3. After the jury retired, the court stated that "in accordance with my suggestion, at the completion of my supplemental instructions each of counsel for the defendants nodded their agreement, which I take it is to the effect that they were satisfied with the remedial instructions."

The record shows that counsel for appellant Mustacchio responded, "yes, sir."

4. The Aider and Abettor Statute, 18 U.S.C. § 2, punishes one as a principal who indirectly causes an act to be done which, if done directly by him, would be an offense.

counsel because his counsel had been contacted only the day before the case came to trial and the district court abused its discretion in denying his request for a continuance to prepare the defense. In Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the Supreme Court stated:

> "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." 376 U.S. at 589, 84 S.Ct. at 849.

It is apparent from the Court's opinion in *Ungar* that there are no mechanical tests for determining an abuse of discretion; rather, careful attention must be given to the facts of each case when deciding whether there was a due process violation. The record in the instant case discloses that three different attorneys represented Mustacchio and that a continuance was caused when the second attorney was discharged as trial became imminent.[5] The record also reveals that Mustacchio's counsel was given the Gov-

ernment's entire file prior to the commencement of the trial, and that Mustacchio was defended in a highly competent and professional manner.[6] As stated by the Court of Appeals for the Second Circuit in United States ex rel. Davis v. McMann, 386 F.2d 611, 618–619 (C.A. 2, 1967), cert. denied, 390 U.S. 958, 88 S. Ct. 1049, 19 L.Ed.2d 1153 (1968):

> " * * * Though a defendant has a right to select his own counsel if he acts expeditiously to do so, Releford v. United States, 288 F.2d 298 (C.A.9, 1961), he may not use this right to play a 'cat and mouse' game with the court, Releford v. United States, 309 F.2d 706 (C.A.9, 1962), or by ruse or strategem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel. * * * "

On the facts of this case, we are unable to perceive any violation of Mustacchio's Sixth Amendment rights. Cf. United States v. Abbamonte, 348 F.2d 700 (C.A. 2, 1965), cert. denied, 382 U.S. 982, 86 S. Ct. 557, 15 L.Ed.2d 472 (1966) ; Leino v.

5. On the morning of their arrest, both appellants were represented by Mr. Querques before the United States Commissioner. Later, both men were represented by Peter Valentine at the arraignment on August 18, 1967. The case was listed for trial on September 26, 1967. On that date Mr. Valentine informed the United States Attorney that he would not represent either appellant because he had not obtained a retainer from them. A retention of counsel hearing was then scheduled for September 29, 1967, and the trial date adjourned to October 2, 1967. At the September 29 hearing, Mr. Valentine disclosed that he had been retained by Restaino but that Mustacchio did not wish to be represented by him. Trial was then continued until October 10, 1967, to allow Mustacchio to retain counsel. One week later, on October 6, 1967, a second retention of counsel hearing was held at which Mustacchio appeared and requested another continuance, saying that he had been unable to secure an attorney. The request was refused, and Mustacchio was told to get a lawyer by October 10, the date of the trial.

When court convened on October 10, Mustacchio appeared with attorney Matthew P. Boylan, who informed the court that he had been called in on the case on October 6 and had talked to Mustacchio briefly on October 9 but had informed appellant that he could not represent him unless a continuance was granted to allow him time to prepare the case. The trial court refused the continuance and ordered Mustacchio and attorney Boylan to discuss the matter and make a definite decision as to the representation. The decision was made that Mr. Boylan would represent Mustacchio. He then requested that trial be adjourned for another week, a request denied by the trial judge.

6. A reading of the transcript of the trial discloses numerous objections made by counsel for Mustacchio that demonstrate his thorough understanding of the case. The objection to the court's initial instructions on criminal intent was made by Mr. Boylan and the ensuing discussion on this point with the trial judge indicates the competence on the part of counsel in this case.

United States, 338 F.2d 154 (C.A. 10, 1964); United States v. Bentvena, 319 F.2d 916 (C.A. 2), cert. denied sub nom. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963), with United States ex rel. Mathis v. Rundle, 394 F.2d 748 (C.A. 3, 1968).

█ Restaino's only argument, other than his adoption of Mustacchio's challenge to the district court's charge on criminal intent, is that the sentence imposed on him was unduly harsh and oppressive and constituted an abuse of discretion. Our study of the record discloses no abuse, and since the sentence imposed by the district court was in conformity with the statute, it is not reviewable here. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); United States v. Brown, 382 F.2d 52 (C.A. 3, 1967); United States v. Frank, 245 F.2d 284 (C.A. 3), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957).

We have given due consideration to all contentions advanced by appellants; we find no merit in any of them. Accordingly, the judgments of the district court will be affirmed.