**UNITED STATES of America**

**v.**

**Donald Robert BRENNEMAN et al.,**
**Appellants.**

**No. 71–1733.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 17, 1972.

Decided Feb. 11, 1972.

**810**

Harold Gondelman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellants.

Kathleen Kelly Curtin, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Gary Lee Hershberger, William Charles Holly, and appellant, Donald R. Brenneman, were charged in a four count indictment with manufacturing and selling dl amphetamine sulphate and conspiring to violate the narcotics laws of the United States. Hershberger pleaded guilty to one count; Holly pleaded guilty to two counts. Both testified for the government at the trial of the charges against Brenneman. The remaining counts of the indictment against Hershberger and Holly were dropped.

In early March of 1970, Holly and Hershberger reached a "mutual understanding." Holly would locate someone who would buy substantial quantities of "speed"; Hershberger would find a source. In pursuing his part of the understanding, Holly talked to "a friend." The friend purportedly located a buyer and a meeting was arranged. Holly received a bottle of dl amphetamine sulphate from Hershberger. That evening the friend brought "Ed" to the dairy bar where Holly worked. Holly and Ed sat and talked about price and quality testing. The friend sat in a booth approximately fifteen feet away. Following their conversation Holly walked to the front of the store with Ed and handed him a bag containing the bottle. Holly gave the friend a small portion of the proceeds of the sale.

Ed turned out to be a narcotics agent; the friend turned out to be an informant. Appellant's counsel attempted to elicit the name of the friend during cross-examination of Holly. The government successfully objected on the ground that he was a "confidential informant" and that no need for disclosure of his identity had been demonstrated.

Hershberger testified that Brenneman was the source and had produced the "speed" in his basement laboratory. Brenneman testified that he had never supplied Hershberger with drugs. The jury, after a lengthy deliberation, found Brenneman guilty as charged. Brenneman had a good reputation in his community and no prior criminal record. He was sentenced to three years imprisonment and fined $3,000.

Brenneman here maintains that failure to disclose the identity of Holly's friend[1] was reversible error and that, under all of the circumstances of this case, the sentence imposed was an abuse

---

[1]. Appellant maintains that Holly's knowledge of the identity of the informant is inconsistent with the government's assertion that his identity was a "confidential" matter. Appellant relies upon the court's observation in Roviaro v. United States, 353 U.S. 53, 60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956), that the government's privilege against disclosure terminates when the "identity of informer has been disclosed to those who would have cause to resent the communication." At that point, the goal of keeping sources of information secret in order to protect them from retaliation is unobtainable. But, the Supreme Court in *Roviaro* certainly did not indicate that the informant's privilege terminated when the identity of an informer, although already known to someone who would have reason to be vindictive, was still unknown to others who would have cause to retaliate.

of discretion. We find merit in neither contention.

Resolution of a question raised by a demand for disclosure of the identity of a confidential informant "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1956). In order to tip the scales in favor of disclosure, there must be some indication that access to the informer may be "helpful to the defense of an accused" or "essential to a fair determination of a cause." Roviaro v. United States, *supra*, at 60–61, 77 S.Ct. at 628.

As in United States v. Konigsberg, 336 F.2d 844, 848 (3rd Cir. 1964), we are convinced from the record that disclosure of the informant's identity would not have been helpful to the defense here and was "palpably not essential to the fair determination of this cause." Appellant's speculation [2] that testimony or information from the informant might have been used to impeach or cross-examine Holly and "might even have led to the appellant's being able to raise the issue of entrapment" does not persuade us to the contrary.

Here the informant's participation was peripheral. He was not in a position to contradict or amplify any of the Holly testimony upon which Brenneman's conviction rests. The significance of Holly's testimony so far as Brenneman was concerned was that a sale of dl amphetamine supplied by Hershberger took place.[3] Hershberger, not Holly, implicated Brenneman.

Nor is there any indication that the informant could have provided a basis for a claim of entrapment. In addition to the fact that Holly and Hershberger

conceived the scheme before Holly's friend was contacted, Brenneman himself gave testimony which was irreconcilable with any theory of entrapment.

Finally, we find no extraordinary circumstances warranting review of appellant's sentence. Compare United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). It was in conformity with the statute and we decline to review it. United States v. Fessler, 453 F.2d 953 (3rd Cir. 1972); United States v. Restaino, 405 F.2d 628 (3rd Cir. 1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1012, 22 L.Ed.2d 216 (1969); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 389 (1958); United States v. Brown, 382 F.2d 52 (3rd Cir. 1967); United States v. Frank, 245 F.2d 284 (3rd Cir. 1957), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35.

The judgment of the District Court will be affirmed.

---

2. Appellant's counsel offered the court below no factual basis for treating his assertions as anything other than speculation and did not request an *in camera* examination of the informant by the court. Compare United States v. Jackson, 384

F.2d 825 (3rd Cir. 1967), cert. denied, 392 U.S. 932, 88 S.Ct. 2292, 20 L.Ed.2d 1390 (1968).

3. The record also *discloses a subsequent* sale at which the friend was not present.