**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lawrence R. JOHNSON, Defendant-**
**Appellant.**

**No. 71-2540.**

United States Court of Appeals,
Ninth Circuit.

May 16, 1972.

Stephen B. Hill (argued), Gregory W.
Byrne, of Souther, Spaulding, Kinsey,
Williamson & Schwabe, Portland, Or.,
for defendant-appellant.

Norman Sepenuk, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before JERTBERG, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

In each count of a four count information, appellant was charged with a misdemeanor crime of wilfully failing to file his United States income tax returns for the four years 1963–1966, in violation of Sec. 7203 of the Internal Revenue Code of 1954. (26 U.S.C. § 7203).[1]

Following a jury trial, appellant was found guilty on all counts. He was sentenced to the custody of the Attorney General for imprisonment for a period of six months and fined the sum of $10,000 on Count One. On each of the remaining counts he was committed to the Attorney General for imprisonment for a period of six months, such sentences to run concurrently with each other and Count One.

The record discloses that during the prosecution period appellant and one Laurence Arnett were equal partners in the partnership of Allied Artists of America, a talent agency located in Portland, Oregon. The principal source of the partnership income was from agent's commissions which were paid to the partnership by various entertainers. The appellant earned, as his one-half share of the partnership gross income, the following amounts: $19,517.31 in 1963, $25,819.27 in 1964, $24,495.89 in 1965, and $26,250.78 in 1966. He failed to file United States income tax returns for each of these years.[2]

At trial his defense for failure to file such returns was that such failure was not willful and that he was insane within the rationale of rulings of this circuit on the subject of criminal insanity.[3]

Appellant's defense, in substance, was that he was dependent emotionally and psychologically upon his partner, upon whom he relied to do the bookkeeping, and who, during the years in question, suffered from periods of disassociation from reality which incapacitated him, and affected appellant's ability to file returns. Psychiatric testimony was offered in support of his defense. The Government offered psychiatric testimony to show that appellant had no mental disease or defect and he was able to conform his conduct to the requirements of law. The testimony of several lay witnesses was offered by the Government as to appellant's business acumen and his competent, rational behavior during the years in question.

On this appeal appellant contends that the district court erred:

1. In denying his motion to dismiss the information on the ground that the requirement to file income tax returns for the years 1963 through 1966 violated his Fifth Amendment privilege against self-incrimination;

2. In failing to instruct the jury that evidence concerning the circumstances in which he found himself during the period of the alleged criminal conduct was to be considered in determining the issue of insanity;

1. "§ 7203. Willful failure to file return, supply information, or pay tax

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regula-tions, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

2. He failed to file returns for the preceding years 1958–1962, although he earned substantially in excess of $600.00 a year during each of such years.

3. For instance, Wade v. United States, 426 F.2d 64 (C.A.9, 1970).

3. In admitting into evidence Government Exhibit 79, which purported to show his "net worth" on December 31, 1966; and

4. In not admitting all evidence offered by appellant in respect to the voluntary disclosure made by him to the Internal Revenue Service.

■ The Federal income tax return for each of the years 1963 through 1966 specifically asked whether the taxpayer had filed a tax return in the preceding year. Appellant claims that a truthful "No" answer to the question would have violated his Fifth Amendment privilege against self-incrimination by furnishing a link in the chain of evidence needed to prosecute him for the crime. The claim is without merit. See United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); Heligman v. United States, 407 F.2d 448 (C.A.8, 1969). Appellant's reliance on Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and like cases is misplaced.

■ We find no error on the part of the district judge in refusing to give the following instruction offered by the appellant:

"The question of sanity or insanity of Mr. Johnson cannot be determined in a vacuum. Evidence introduced in this case has included facts about the circumstances in which Mr. Johnson was living and working during the years involved, including the illness of Mr. Arnett. You are instructed that this evidence should be considered by you in determining whether Mr. Johnson as a result of mental disease or defect was able to conform his conduct to the requirements of the law."

We have carefully examined all of the instructions given to the jury in this case, and find that the jury was carefully and properly instructed on all issues of law involved, and the duties and responsibility of the jury. None was objected to by appellant.

The court instructed the jury that its verdict was to be based upon all of the evidence which had been admitted. In refusing the proffered instruction, the court simply refused to single out for emphasis a portion, only, of the evidence on a given subject. In doing so he acted well within his discretion.

■ The court properly admitted into evidence the "net worth statement" (Exhibit 79). This exhibit simply summarized a series of exhibits which had been previously introduced into evidence without objection. Its admission was not prejudicial.

■ Appellant testified that he made a voluntary disclosure, in the fall of 1967, to the Internal Revenue Service of his failure to file income tax returns for prior years. The court rejected the letter dated December 20, 1967, written by appellant's attorney to the Internal Revenue Service on the same subject, and rejected similar testimony offered by appellant's accountant.

While we are of the view that all such testimony was irrelevant to the issue of appellant's willfulness in failing to file tax returns for 1966 and prior years, we are satisfied, under the record in this case, appellant suffered no prejudice by the rulings of which he complains.

The judgment appealed from is affirmed.