**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George C. WALKER and Marie H. Walker, Defendants-Appellants.**

**No. 72–2667.**

United States Court of Appeals, Ninth Circuit.

April 27, 1973.

George Constable (argued), Seattle, Wash., for defendants-appellants.

Robert S. Linnell, Asst. U. S. Atty. (argued); Dean Smith, U. S. Atty., Yakima, Wash., for plaintiff-appellee.

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

A jury found Walker guilty of failure to file income tax returns for 1965 and 1966 in violation of 26 U.S.C. § 7203. No question is raised as to whether he should have filed—his defense was that the failure was not willful. He alleges that the trial court erred in failing to instruct the jury properly as to willfulness, refusing to admit evidence that no tax was due, and improperly admitting evidence pertaining to the net worth of certain of his assets. We concur with the last contention and reverse.

Walker engaged in farming, land levelling and concrete irrigation ditch lining. His wife kept his books. Walker's income tax returns for 1955 and 1956 had been prepared together and both were filed late. Likewise, his 1957, 1958 and 1959 tax returns were all prepared together and filed late. In both instances, Walker experienced "no trouble" from the Internal Revenue Service.

Walker had his 1960 and 1961 tax returns prepared together but, due to a dispute with his accountant, these returns were never filed. In late 1967 or early 1968, Walker contacted another accounting firm and asked it to prepare his tax returns for 1960 through 1966. Subsequently, he was indicted, tried and convicted of failure to file tax returns for 1965 and 1966.

Over objection, the trial court allowed proof of an increase of $248,241 in Walker's net worth between 1958 and 1967. Because the facts indicated Walker's gross income for both years exceeded the statutory minimum, the prosecution had already proved that he was required to file returns. Therefore, this evidence was unnecessary to show the duty to file. Moreover, unrealized in-

creases in net worth resulting from a higher market value are not probative of gross income. Holland v. United States, 348 U.S. 121, 137–138, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Eisner v. Macomber, 252 U.S. 189, 214–215, 40 S.Ct. 189, 64 L.Ed. 521 (1920). The admission of this evidence would have a definite tendency to prejudice a jury in a failure to file case where the defense is a lack of knowledge of the need to file. When there is no legitimate basis for admissibility and the prejudice is such that the defendant could not receive a fair trial, a reversal is required.

■ Because the case must be retried, we will discuss the remaining issues raised.

The trial court instructed the jury that:

It is the gross income of $600.00 or more, according to the law, that requires one to file an income tax return. Whether the taxpayer's return would show that he owed a tax is irrelevant, and should not be considered by you on the question of the taxpayer's duty to file a return.

Walker contends that this instruction is erroneous. We disagree. At most, it presents the possibility of slight confusion because the jury might believe that the instruction also referred to Walker's defense, but it does not amount to reversible error.[1]

■ Walker also contends that the trial court erred by refusing to give his following proposed instruction:

If a taxpayer honestly thinks he owes no income tax for a certain year

and if he honestly believes that a lack of tax due affects his duty to file a return, such are factors to be considered in determining whether his failure to file a return for that year was willful.

The government's position is that the content of the proposed instruction was essentially covered by the general instruction on willfulness [2] and that the trial court has considerable discretion in determining whether to give such an instruction. Suhl v. United States, 390 F.2d 547, 556 (9th Cir.), cert. denied, 391 U.S. 964, 88 S.Ct. 2035, 20 L.Ed.2d 879 (1968). We agree.

The trial court rejected Walker's offer of proof that in fact there was no federal income tax owing for any year during the period 1960 through 1966, with the exception of $2,720.87 owing for 1962. The purpose for offering this evidence, and the reason it was admissible, was to substantiate Walker's testimony and sole defense: that he did not think he had to file his returns promptly because he honestly did not think he owed any taxes. Whether or not a jury will believe his story, even with this evidence, only a new trial will tell. But it is obvious that he has the right to introduce this corroborating evidence. If he had taxable income in these prior years, the government could have shown that fact to attempt to have the opposite inference drawn.

Reversed and remanded for further proceedings consistent with this opinion.

---

1. For the sake of clarity, however, the instruction might read:
   Whether the taxpayer's return would show that he owed a tax should not be considered by you on the question of the taxpayer's duty to file a return.
   *Compare* 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 52.30 (2d ed. 1970).

2. The court instructed the jury that:
   The word "willful" as used in this particular statute, that is, Section 7203 of Title 26, United States Code, means

with a bad purpose or without grounds for believing one's act is lawful, or without reasonable cause, capriciously, or with a careless disregard whether one has the right so to act. In other words, the prosecution must establish, beyond any reasonable doubt that the failure to file returns was intentional, as opposed to being by accident or other innocent cause.
*Compare* Devitt & Blackmar, *supra* note 1, § 52.31.