**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David M. SARVIS, Defendant-Appellant.**

**No. 73-1719.**

United States Court of Appeals,
Ninth Circuit.

Nov. 7, 1973.

Jesse R. Walters, Jr. (argued), C. L. Green (argued), James W. Derr, Boise, Idaho, for defendant-appellant.

Charles E. Brookhart (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Sidney E. Smith, U. S. Atty., Thomas C. Frost, Asst. U. S. Atty., Boise, Idaho, Meyer T. Rothwacks, John P. Burke, Laurence J. Whalen, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before CHAMBERS, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

Sarvis was convicted by a jury of attemped tax evasion and making and subscribing to a false return. In shotgun fashion, he asserts 42 alleged errors. In many instances, he fails to spell out his argument and provide us with suitable authority. We affirm.

■ One question deserves comment. In United States v. Walker, 479 F.2d 407 (9th Cir. 1973), we reversed a tax case due to the admission of evidence pertaining to the increased net worth of the taxpayer. In criminal prosecutions evidence of net worth must be used with "great care and restraint." Holland v. United States, 348 U.S. 121, 129, 75 S. Ct. 127, 99 L.Ed. 150 (1954). Appreciation, gifts, and other nontaxable or unrealized income may significantly increase the value of a person's property to make increases in net worth an inaccurate reflection of taxable income. These dangers make it imperative that the court closely scrutinize the use of net worth evidence. *Id.* at 125, 75 S.Ct. 127. Thus, in *Walker,* a failure to file case, we held that evidence of increases in net worth was improperly admitted where the government had already established that the defendant had a duty

to file. Once the government had established this duty, the evidence had no relevancy and could only have resulted in prejudicing the defendant in the eyes of the jury.

In the present case, however, Sarvis had filed a return and the questions were whether he had willfully attempted to evade and willfully filed a false return. The district court admitted evidence of his net worth as relevant to the issue of willfulness. Willfulness must be established by independent evidence and may not be inferred from a mere understatement. *Id.* at 139, 75 S. Ct. 127. Nevertheless, where the taxpayer has no records or records that are inadequate to show his actual tax liability, a consistent pattern of understatement as shown by proof of increases in net worth may give rise to an inference of willfulness. *Id.*; *see* Feichtmeir v. United States, 389 F.2d 498 (9th Cir. 1968). The district court correctly admitted the evidence on this issue and there was no error.

Affirmed.