**UNITED STATES of America,
Plaintiff,**

v.

**Ira Lee SHY, Defendant.**

**Crim A. No. 74–26.**

United States District Court,
D. Delaware.

Nov. 4, 1974.

David B. Hooper, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Carl Schnee, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

By his motion for judgment of acquittal made pursuant to Rule 29(c), F.R. Crim.P., the Defendant challenges the Government's exclusive reliance on the net worth method to prove one count of an indictment for willful failure to file income tax returns.[1]

Ira Lee Shy was tried before a jury on an indictment charging willful failure to file income tax returns for the years 1970 (Count I) and 1971 (Count II), in violation of 26 U.S.C. § 7203. The jury was unable to agree upon a verdict, and the Court declared a mistrial. Defendant has renewed his motion for judgment of acquittal.

Rule 29 states the standard: a judgment of acquittal is to be entered "if the evidence is insufficient to sustain a conviction. . . ." The evidence ". . . and the inferences to be drawn from it must be taken in the light most favorable to the Government . . . [and] the sufficiency of the evidence must be judged upon the record as a whole." United States v. Feldman, 425 F.2d 688, 692 (3 Cir., 1970).

The offense with which the Defendant is charged contains three elements which must be proved: (1) duty to file—that the Defendant received at least $1700.00 in gross income in the year charged, (2) failure to file—admitted as to each count herein, and (3) willfulness in respect to failure to file—in controversy herein.

The net worth method, which Defendant challenges as applied to this case, was used solely to show that the Defendant had a duty to file—that he earned more than $1700.00 in each year charged.

## COUNT II

Were Defendant's arguments accepted, I find that they would not justify acquittal on Count II (1971). Disregarding all net worth evidence, there is in the record Defendant's admission that he received at least $10,000.00 in gambling income in 1971.[2] The require-

---

1. For explanation of this method, see Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

2. Although Defendant testified to this as part of the Defense's case, he was not "filling in a gap" in the prosecution's case. The Government put into evidence Defendant's admission to an Internal Revenue agent that he had received $10,000.00 from illegal gambling in 1971. But even if this admission came to light only in the Defendant's case,

ment to file and the failure to file being admitted, only the issue of willfulness is in controversy. Defendant does not argue that evidence of willfulness was insufficient to put before a jury.

## COUNT I

No proof of actual income was made for the year 1970. It is in this count that the Government relied exclusively upon the net worth method to prove duty to file.

The Defendant points out that an exhaustive search of reported cases fails to uncover one in which the net worth method has been used exclusively to prove duty to file.[3] He argues:

"(W)henever the theory . . . has been applied by other courts, the . . . defendants have been charged with some type of fraud or misrepresentation . . . in the filing of their returns. Therefore, it was proper . . . to allow the government to utilize this theory by utilizing prior admissions (in the form of tax returns) or current admissions (again in the form of tax returns) in proving net worth. In the case at bar, such theory must fail."

■■ Even if Defendant's observation were correct,[4] his argument would

miss the point of allowing net worth proof. In evasion cases it is used to show a factual discrepancy between the amount the taxpayer reported as income and the amount the Government contends he actually received. In this failure-to-file case it was used to show a factual discrepancy between the amount of income the Defendant claimed to have received in the years charged (i. e., less than $1700) and the amount the Government claims he received (i. e., more than $1700). Defendant has pointed to no factor which would make the net worth method less reliable in the latter instance than in the former.[5]

■ In his second attack upon the method's application in this case, Defendant accurately states the law:

"It is clear that the net worth theory rests in large part upon the government's ability to establish, with reasonable certainty, an operning net worth, to serve as a starting point, from which to calculate the future increases in the defendant's assets."

He argues that since at the Government's starting point, 12–31–69, Defendant is credited with the rather meagre assets of two cars plus $100.00 cash on hand, the Government failed in its obli-

---

after denial of Defendant's motion for acquittal made at the close of the Government's case, the rule in the Third Circuit is that the Court should consider it in ruling upon the renewed motion for acquittal. United States v. Belgrave, 484 F.2d 915, 917 (3 Cir., 1973) ; United States v. Feldman, supra.

3. But see United States v. Johnson, 460 F.2d 20 (9 Cir., 1972), and United States v. Walker, 479 F.2d 407 (9 Cir., 1973), failure-to-file cases in which the net worth method was used to corroborate other evidence.

4. In the evasion case of United States v. Schipani, 362 F.2d 825, 826 (2 Cir., 1966) cert. den. 385 U.S. 934, 87 S.Ct. 293, 17 L. Ed.2d 214 the Defendant kept no records and filed no return. The case was tried on the net worth theory.

5. See generally Annotation, 2 L.Ed.2d 1870 et seq. It is true that, by definition, failure-

to-file cases involve no affirmative submissions by the taxpayer which the Government can show to have been purposefully and wrongfully made. The effect is to force the Government to prove circumstantially the essential element of willfulness. See *Holland,* supra, at 139. Proof of the element of willfulness is separate from proof of duty to file. It is to proof of willfulness that Defendant's argument should properly pertain. The jury could have found, from the record as a whole, sufficient proof of willfulness to sustain a conviction.

The apparent absence of failure-to-file cases in which the method has been used exclusively can be explained only by speculation. One possibility is that the Government's burden of proof on the duty-to-file issue is usually met so easily that resort to this complicated and confusing method is unnecessary. Another possibility is that since failure-to-file is a misdemeanor, ordinarily the Government might not proceed with cases that are difficult to prove.

gation to show a "solid net worth starting point."

■ If, indeed, Defendant had substantially greater assets on that date, Defendant is correct. But it may properly be inferred from the record that he did not. The jury reasonably could have believed representations by Government witnesses that they made every effort to collect independent data on Defendant's financial condition at the "starting point," and that, so far as could be found, this was all he owned. United States v. Penosi, 452 F.2d 217, 220 (5 Cir., 1971), cert. den. 405 U.S. 1065, 92 S.Ct. 1495, 31 L.Ed.2d 795. Defendant did take the stand and he did not claim to have owned more at the "starting point" than that with which the Government credited him. See United States v. Mackey, 345 F.2d 499, 506 (7 Cir., 1965) cert. den. 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69; United States v. Adonis, 221 F.2d 717, 718 (3 Cir., 1955); United States v. Frank, 245 F.2d 284 (3 Cir., 1957). Compare United States v. O'Malley, 131 F.Supp. 409 (E.D.Pa., 1955).

■ No case cited by the Defendant stands for the proposition that the Government is obliged to credit a taxpayer with enough fictional assets and nonexistent prior tax returns to build a "solid" starting point. Again, this was the point of the Holland case—the Government having presented the results of a comprehensive effort to ascertain opening net worth, the Defendant may furnish "leads" as to whatever the Government may have missed, or he may claim that he had assets at that time which are unknown to the investigators. The Defendant herein did neither. Holland, 348 U.S. 138–139, 75 S.Ct. 127, 99 L.Ed. 150.

■ There remains Defendant's contention that the net worth statement erroneously included possessions and expenses pertaining either to both Defendant and his wife or to his wife alone.[6]

Had the Government failed to make a net worth investigation about the wife, Defendant would be correct. United States v. Meriwether, 440 F.2d 753, 756 (5 Cir., 1971). However, the Government's investigation included possible income sources for Defendant's wife. Like the Defendant, she had filed no income tax returns for the years previous. Unlike the Defendant, she had no apparent source of income. Defendant's own testimony indicated that she worked only occasionally. "This was all relevant and its weight for the jury." Frank, supra, 245 F.2d at 287. The jury could properly have inferred from the record that the net effect of the wife on the net worth calculations for the Defendant was de minimis.

I hold that the Government's use of the net worth method as if in an evasion case did not render it unreliable in this failure-to-file case, and that the Government's proof satisfied the standards set in the Holland case. Defendant's motion will be denied.

Submit Order.

---

6. The inclusion in the opening net worth calculation of cars in which the wife had an interest can only have helped the Defendant.