[Cite as *State v. Robinson*, 2021-Ohio-3095.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| -vs- | Case No. 2020 CA 0070 |
| CODY ROBINSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of
Common Pleas, Case No. 2018-CR-0981

JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:    September 8, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                            COLIN E. PETERS
Prosecuting Attorney                    511 South High Street
Richland County, Ohio                    Columbus, Ohio 43215

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street, #2
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Cody Robinson appeals the September 1, 2020 Sentencing Entry entered by the Richland County Court of Common Pleas, imposing consecutive sentences after he pled guilty to two drug possession charges. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE

{¶2} On November 9, 2018, the Richland County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) & (C)(1)(a), a felony of the fifth degree, and one count of possession of cocaine, in violation of 2925.11(A) & (C)(4)(a), a felony of the fifth degree. Appellant appeared for arraignment on April 4, 2019, and entered pleas of not guilty to the charges. The trial court scheduled the matter for trial on July 23, 2019.

{¶3} Appellant appeared before the trial court on July 15, 2019, withdrew his former pleas of not guilty and enter pleas of guilty to both charges. The trial court ordered a pre-sentence investigation and scheduled sentencing for September 5, 2019. Appellant failed to appear for sentencing. The trial court rescheduled the hearing for September 10, 2019. Appellant again failed to appear and the trial court issued a bench warrant. The trial court rescheduled the hearing for January 13, 2020. Appellant failed to appear and the bench warrant remained active.

{¶4} Appellant was arrested on the warrant on March 11, 2020. He was released from Richland County Jail on March 18, 2020, due to overcrowding and restrictions imposed due to the Covid-19 pandemic. The trial court scheduled a sentencing hearing for May 4, 2020. Appellant failed to appear, having absconded to Michigan. The trial court issued a bench warrant.

**{¶5}** Appellant filed a Motion to Recall Warrant on May 7, 2020, which the trial court denied. The trial court scheduled the sentencing hearing for May 28, 2020. Again, Appellant failed to appear. The bench warrant remained active. Appellant was arrested on August 30, 2020, and sentenced on August 31, 2020.

**{¶6}** The trial court sentenced Appellant to a period of incarceration of twelve (12) months on each count and ordered the sentences be served consecutively. The sentence also included a three-year discretionary term of post-release control. The trial court memorialized Appellant's sentence via Sentencing Entry filed September 1, 2020.

**{¶7}** It is from the trial court's imposition of consecutive sentences Appellant appeals, raising the following assignments of error:

I. APPELLANT'S SENTENCE WAS CONTRARY TO THE PRINCIPLES AND PURPOSES OF SENTENCING SET FORTH IN R.C. 2929.11 AND 2929.12, AND IS UNSUPPORTED BY THE RECORD, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

II. APPELLANT'S MAXIMUM, CONSECUTIVE SENTENCE WAS CONTRARY TO R.C. 2929.14, AS THE TRIAL COURT'S FINDINGS WERE UNSUPPORTED BY THE RECORD, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH

AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

III. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT AN OBJECTIVELY REASONABLE SENTENCING ARGUMENT, IN VIOLATION OF HIS RIGHTS TO COUNSEL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

IV. THE SENTENCE IMPOSED BY THE TRIAL COURT WAS CRUEL AND UNUSUAL, IN VIOLATIONS OF APPELLANT'S RIGHTS AS GUARANTEED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.

## I, II

**{¶8}** Because Appellant's first and second assignments of error raise interrelated issues, we elect to address the assignments together.

**{¶9}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id*.,

citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 *R.C. 2929.11 and R.C. 2929.12.*

**{¶10}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42.

**{¶11}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges,* 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶12}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶13}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria

which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶14} This Court is without authority to disturb Appellant's sentence absent a finding by clear and convincing evidence the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. Instead, we may only determine if the sentence is contrary to law.

{¶15} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶16} Appellant does not argue his sentence is not within the permissible statutory range. Rather, Appellant asserts none of the factors set forth in R.C 2929.12(B) and (C) apply to him and his conduct was no more serious than ordinary conduct normally constituting the offenses for which he was convicted. The trial court ordered a presentence investigation report, which showed Appellant was on community control for a 2013 conviction when he committed these offenses in July, 2018.  In August, 2018, Appellant was incarcerated for violating the terms of his community control.  In addition, Appellant had drug possession and trafficking convictions, dating back to 2009.  Appellant showed no remorse for his actions.  Appellant never appeared for sentencing on his own

volition, but had to be taken into custody in order to ensure his appearance at the sentencing hearing.

**{¶17}** The record establishes the trial court considered the purposes and principles of sentencing as well as the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12, respectively. Upon review, we find no basis for concluding the sentence is contrary to law.

**{¶18}** *Maximum, consecutive sentences.*

**{¶19}** R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} At the sentencing hearing, the trial court stated:

So the court looking at the principles and purposes of sentencing as well as the seriousness and recidivism factors, as to Count 1, Aggravated Possession of Drugs, a felony of the fifth degree, the court is going to impose a prison term of 12 (twelve) months.

As to Count 2, Possession of Cocaine, a felony of the fifth degree, the court is going to impose a prison term of 12 (twelve) months.

The court is going to run those matters consecutive to one another. The court is saying the sentences are made consecutive, because consecutive sentences are necessary to protect the public from future crime or to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and because at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or so unusual that no single prison term for any of

the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** Transcript of August 31, 2020 Sentencing Hearing at 9-10.

**{¶22}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith*, 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶23}** The trial court made each of the required statutory findings on the record. It found consecutive prison terms were necessary to protect the public from future crime and to punish Appellant. The trial court also found consecutive prison terms were not disproportionate to Appellant's conduct and to the danger he posed to the public. The trial court further found Appellant's offenses were committed as a course of conduct and the potential harm was so great and unusual a single prison term would not adequately reflect the seriousness of what Appellant did. The trial court noted Appellant's criminal history, his Ohio Risk Assessment Score of 25, the number of times the sentencing hearing was rescheduled due to Appellant's failure to appear, and the warrants issued as a result of each failure to appear.  Thus, the trial court made each of the required. Additionally, the

trial court included each of the statutory sentencing findings in the sentencing judgment entry.

{¶24} Based upon the foregoing, Appellant's first and second assignments of error are overruled.

III

{¶25} In his third assignment of error, Appellant raises a claim of ineffective assistance of counsel.

{¶26} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process the proceedings cannot be relied upon as having produced a just result. *Id.* In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

{¶27} In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation

sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180.  The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

{¶28} Appellant submits defense counsel was ineffective at the sentencing hearing because counsel failed to make any argument regarding what sentence the trial court should impose on him.  We disagree.

{¶29}  We find defense counsel's failure to speak at the sentencing hearing did not amount to deficient performance. "Possibly the decision for counsel to not speak at the sentencing hearing was strategy. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance." *State v. Maguire,* 7th Dist. Mahoning No. 08 MA 188, 2009–Ohio–4393, ¶ 20, citing *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Regardless, Appellant spoke on his own behalf at sentencing. Appellant expressed a desire to "get all this stuff behind" him as he was "tired of going through all this stuff."  Tr. Sentencing at 8.  Furthermore, assuming arguendo, defense counsel's failure to make an argument at the sentencing hearing amounts to deficient performance, Appellant cannot show prejudice.  There is nothing in the record to remotely suggest had counsel made an argument at the sentencing hearing the trial court would have been swayed to impose a lesser sentence. In fact, it appears from the record the

trial court still would have sentenced Appellant to the same sentence regardless of any argument defense counsel made.

**{¶30}** Appellant's third assignment of error is overruled.

IV

**{¶31}** In his final assignment of error, Appellant contends the sentence imposed by the trial court was cruel and unusual. We disagree.

**{¶32}** "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999) (Citation omitted). "Cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and furthermore, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *Id.* at 371, 715 N.E.2d 167, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 30 O.O.2d 38, 203 N.E.2d 334 (1964), and citing *State v. Chaffin*, 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46 (1972), paragraph three of the syllabus. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle*, supra at 69, citing *Martin v. United States* (C.A.9, 1963), 317 F.2d 753 (overruled on other grounds, *United States v. Bishop* (1973), 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941).

**{¶33}** Because Appellant's sentence fell within the statutory limitations, we find the sentence was not excessive and the trial court did not violate the constitutional prohibition against cruel and unusual punishment.

**{¶34}** Appellant's fourth assignment of error is overruled.

**{¶35}** The judgment of the Richland County Court of Common Pleas is affirmed.


By: Hoffman, J.

Baldwin, P.J.  and

Gwin, J. concur